**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0353-17T2

GUILIO MESADIEU,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted September 10, 2019 – Decided September 23, 2019

Before Judges Vernoia and Susswein.

On appeal from the New Jersey Department of Corrections.

Guilio Mesadieu, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Guilio Mesadieu, an inmate at East Jersey State Prison, appeals from the New Jersey Department of Corrections' (DOC) final agency decision finding him guilty of the following prohibited acts: *.260, refusing to submit to a medical test required by a court order, N.J.A.C. 10A:4-4.1(a)(2)(xxvii); *.306, conduct that disrupts or interferes with the orderly running of the correctional facility, N.J.A.C. 10A:4-4.1(a)(2)(xxix); and .256, refusing to comply with a staff member's order, N.J.A.C. 10A:4-4.1(a)(4)(iv). Because the DOC's decision is supported by substantial credible evidence and Mesadieu's arguments challenging the decision lack merit, we affirm.

The DOC alleged that on August 18, 2017, Mesadieu refused to comply with a court order directing that he submit to the taking of a buccal swab; defied officers' orders that he cooperate in their taking of the swab; and interfered with the facility's operation by refusing to supply the swab, physically resisting the officers' attempts to obtain the swab, and necessitating the presence of more than six officers to obtain the swab. Mesadieu pleaded not guilty to the charges and was assigned a counsel substitute. In response to Mesadieu's request, a video recording of the incident giving rise to the charges was provided by the DOC and reviewed by Mesadieu, his counsel substitute, and the DOC disciplinary staff.

The disciplinary hearing officer reviewed numerous officer's reports, the video recording, and Mesadieu's statements. The hearing officer found that a court order directed Mesadieu to provide a buccal swab while he was temporarily remanded from East Jersey State Prison to the Union County Jail. The hearing officer also found that Mesadieu refused to submit to the taking of the swab and defied officers' orders that he do so. The officers placed Mesadieu in a restraint chair, and he again defied their order that he cooperate in the taking of the swab. Officers physically forced open Mesadieu's mouth and obtained the swab. Mesadieu's defiance and refusal disrupted the unit in which he was located because more than six officers were required to obtain the swab. At the hearing, Mesadieu said he told the officers he "was not submitting" to, and did not consent to, the taking of the swab, but he claimed he never closed his mouth, defied the officers' orders, or resisted their efforts to obtain the swab. Mesadieu declined to call or cross examine witnesses during the hearing, and he did not request any witness statements.

The hearing officer determined Mesadieu committed prohibited acts *.260, *.306, and .256, and imposed sanctions.[1] Mesadieu appealed, and the

---

[1] The hearing officer imposed the following sanctions on the *.260 charge: 180 days' administrative segregation, 125 days' loss of commutation time, fifteen

East Jersey State Prison Assistant Superintendent upheld the hearing officer's decision. This appeal followed.

On appeal, Mesadieu offers the following arguments:

POINT [ONE]

[] MESADIEU SHOULD HAVE BEEN FOUND NOT GUILTY OF [*.306], [*.260], and [.256] BECAUSE . . . MESADIEU WAS EXERCISING HIS RIGHT TO CHOOSE THE LESSER EVIL, AND A DEFENSE OF NECESSITY IS A LEGITIMATE DEFENSE[.]

POINT [TWO]

THE ADMINISTRATOR'S FAILURE TO ADDRESS THE MERITS OF . . . MESADIEU'S APPEAL RENDERS THE DEC[I]SION ARBITRARY AND [CAPRICIOUS.]

POINT [THREE]

[MESADIEU] WAS DENIED DUE PROCESS BECAUSE HIS ADMINISTRATIVE APPEAL WAS HEARD BY THE WRONG ADMINISTRATION[.]

---

days' loss of recreation privileges, and 365 days of urine monitoring. On the *.306 charge, the hearing officer imposed 100 days' administrative segregation, 100 days' loss of commutation time, and fifteen days' loss of recreation privileges. The officer reduced the .256 charge to an "on the spot correction," N.J.A.C. 10A:4-7.3(a), and imposed a sanction of five days' loss of recreation privileges. Mesadieu does not challenge the sanctions on appeal.

4

POINT [FOUR]

MESADIEU WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL SUBSTITUTE IN CONTRAVENTION [OF] N.J.A.C. 10A:4-9.12[.]

Our review of agency determinations is limited. See In re Stallworth, 208 N.J. 182, 194 (2011); Brady v. Bd. of Review, 152 N.J. 197, 210 (1997); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We will not reverse an administrative agency's decision unless it is "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." Stallworth, 208 N.J. at 194 (2011) (citation omitted); accord Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). Nonetheless, we must "engage in a 'careful and principled consideration of the agency record and findings.'" Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

Mesadieu argues he could not be found guilty of refusing to comply with the court's and officers' orders because he was entitled under our criminal code, N.J.S.A. 2C:3-2, to defy the orders based on the defense of necessity. He contends he was entitled by necessity to refuse to provide the buccal swab

A-0353-17T2

because the taking of the swab violated "his constitutionally protected civil liberties."

"Prison disciplinary proceedings are not part of a criminal prosecution," Jenkins v. Fauver, 108 N.J. 239, 248 (1987) (quoting Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974)), and our criminal code has no application to the DOC's prosecution of charges against an inmate. An inmate's rights related to disciplinary charges are codified in DOC regulations, N.J.A.C. 10A:4-9.1 to -9.28, which "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams, 330 N.J. Super. at 203 (citing McDonald v. Pinchak, 139 N.J. 188, 202 (1995)). The regulations do not provide for, or address, the defense of necessity.

Mesadieu's reliance on the common law defense of necessity is similarly misplaced. See State v. Tate, 102 N.J. 64, 67-70 (1986) (discussing the elements of the common law defense of necessity to criminal charges). Under the common law defense of necessity, "[c]onduct that would otherwise be criminal is justified if the evil avoided is greater than that sought to be avoided by the law defining the offense committed, or, conversely, if the conduct promotes some value higher than the value of compliance with the law." Id. at 73. Even

6

assuming the defense of necessity might be applicable in the context of a prison disciplinary proceeding,[2] it provides Mesadieu no refuge. He claims the evil he sought to avoid by his defiance of the court's and officers' orders was a violation of his constitutional rights, but he does not cite to any authority for his claim that he had a constitutional right to refuse to comply with the court's order for the buccal swab. If Mesadieu objected to the court's order, his recourse was to challenge it on appeal. Where "a legal alternative [is] available, the illegal alternative [is] not 'necessary,'" and the common law defense of necessity is unavailable. Id. at 75.

We also reject Mesadieu's contention that the Assistant Superintendent's decision did not address critical issues or analyze the relevant evidence. The Assistant Superintendent expressly upheld the disciplinary hearing officer's decision, which included findings of fact supporting the determination that Mesadieu committed the charged prohibited acts. "[I]n prison disciplinary matters we have not traditionally required elaborate written decisions," Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002), and the

---

[2] We need not, and do not, decide whether there might be circumstances permitting the proper assertion of a common law defense of necessity to inmate disciplinary charges. We decide only that, even assuming the defense is available, it has no application under the facts and circumstances presented.

A-0353-17T2

hearing officer's findings, as adopted by the Assistant Superintendent, provide a sufficient record to discern the basis for the DOC's final decision, allow Mesadieu to challenge the DOC's actions, and permit appropriate appellate review. See Williams, 330 N.J. Super. at 203 (explaining that appellate review of an agency decision requires a "careful and principled consideration of the agency record and findings" (quoting Mayflower Sec. Co., 64 N.J. at 93)).

Mesadieu also argues that he could not be disciplined because he was not "provided with fair notice of the rules and regulations of [the] Union County Jail," and therefore he was deprived of his right to receive notice "of not only the conduct that is prohibited but also the sanction that may be imposed." We reject this contention because although Mesadieu was present in the Union County Jail when he committed the prohibited acts, he had been remanded there from East Jersey State Prison, "continued to be 'an adult offender [] committed to State correctional institutions,'" Ries v. Dep't of Corr., 396 N.J. Super. 235, 239 (App. Div. 2007), and "remained subject to the legal custody and authority of the Commissioner of Corrections," id. at 238. Mesadieu was neither charged with nor found guilty of violating any Union County Jail rule or regulation. The Union County Jail's administration did not file or adjudicate disciplinary charges against Mesadieu, and the Union County Jail's rules and regulations were

applicable to him only to the extent they did not conflict with the DOC's regulations applicable to state prison inmates. Bryan v. Dep't of Corr., 258 N.J. Super. 546, 546 (App. Div. 1992); see also N.J.S.A. 30:4-85. The Union County Jail rules and regulation could supplement, but not usurp, the DOC regulations pursuant to which Mesadieu was charged.

The DOC charged Mesadieu with committing prohibited acts under its regulations. See N.J.A.C. 10A:4-4.1. Therefore, any purported failure to provide notice of the Union County Jail's rules and regulations did not result in a denial of due process. See Bryan, 258 N.J. Super. at 552 (explaining due process requires that "an inmate . . . be given notice before committing an infraction of not only the conduct that is prohibited but also the sanction that may be imposed"). Mesadieu does not claim that he did not receive notice of the DOC's regulations prior to the August 18, 2017 incident. He also does not argue that when he was admitted to East Jersey State Prison, the DOC failed to provide him with a disciplinary rule book detailing the chargeable offenses and sanctions, explaining the disciplinary procedures and appeal process, and advising that "N.J.A.C. 10A:4" concerning inmate discipline "also applies to State sentenced inmates incarcerated within [an] adult county correctional facility," as required by N.J.A.C. 10A:31-16.2(a)(5). Thus, the record does not

permit a conclusion that Mesadieu lacked notice of the prohibited acts and their concomitant sanctions under the DOC's regulations prior to the incident that resulted in the disciplinary charges.

Mesadieu also argues his counsel substitute was ineffective by failing to appeal the hearing officer's determination "to the correct institution," which Mesadieu erroneously contends is the Union County Jail. The argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

We are satisfied Mesadieu was afforded all due process protections required under Avant v. Clifford, 67 N.J. 496, 525-46 (1975), the DOC's decision is based on substantial credible evidence establishing that Mesadieu committed the prohibited acts,[3] and the DOC's decision is not arbitrary, capricious, or unreasonable. Ramirez v. Dep't. of Corr., 382 N.J. Super. 18, 23 (App. Div. 2005) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579-80

---

[3] Mesadieu does not argue there is a lack of substantial credible evidence supporting the hearing officer's and Assistant Superintendent's findings and determinations. An issue not briefed on appeal is deemed waived. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011); Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008).

A-0353-17T2

(1980)); N.J.A.C. 10A:4-9.15(a).  We therefore affirm the DOC's final agency decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0353-17T2