**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5966-17T2

SHAMEIK BYRD,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted November 6, 2019 – Decided November 22, 2019

Before Judges Hoffman and Firko.

On appeal from the New Jersey Department of Corrections.

Shameik Byrd, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Francis A. Raso, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Shameik Byrd, a New Jersey State Prison (NJSP) inmate, appeals from a March 14, 2018 final agency decision of the Department of Corrections (DOC), finding him guilty and imposing sanctions for committing prohibited act *.203, possession or introduction of any prohibited substances, such as drugs, intoxicants, or related paraphernalia, not prescribed for the inmate by the medical or dental staff, in violation of N.J.A.C. 10A:4-4.1(a)(2)(xv).[1] Because the finding of guilt was based on substantial credible evidence in the record and the disciplinary hearing comported with all due process requirements, we affirm.

I.

We discern the following facts and procedural history from the record. On August 26, 2017, during a routine search at Northern State Prison (NSP), a Senior Corrections Officer (SCO) found what appeared to be a controlled dangerous substance (CDS) wrapped inside a blue plastic glove among Byrd's belongings underneath his top bunk. SCOs immediately transported Byrd to pre-hearing disciplinary housing and sent the substance to the State Police laboratory for testing.

---

[1] N.J.A.C. 10A:4-4.1 identifies the prohibited acts by numerical designation. Offenses with designations "preceded by an asterisk (*) are considered the most serious and result in the most severe sanctions . . . ." N.J.A.C. 10A:4-4.1(a).

Byrd was formally served with the aforementioned disciplinary charge on August 28, 2017. After the charge was investigated, it was determined the charge had merit, and the matter was referred for a hearing before a disciplinary hearing officer (DHO). Byrd pled not guilty. The initial hearing, scheduled for August 29, 2017, was postponed pending test results from the State Police laboratory. In the interim, Byrd was transferred to Southern State Correctional Facility, where he is serving the remainder of his sentence.

The disciplinary hearing took place on March 12, 2018. At the hearing, Byrd was provided counsel-substitute as requested but declined to make a statement, call witnesses on his behalf, or confront any adverse witnesses. The adjudication form states Byrd "[r]el[ied] on statement to SID,"[2] but no such statement is provided in the record. The State Police laboratory notified the new facility the substance tested positive for heroin.

After reviewing the reports and several photographs of the items seized from Byrd's cell, the DHO determined Byrd was guilty of prohibited act *.203, noting an NSP corrections officer found the heroin tucked beneath Byrd's bunk. After considering the evidence, the DHO imposed the following sanction: fifteen

_____

[2] Special Investigations Division.

days loss of recreational privileges; 100 days of administrative segregation; 100 days loss of commutation time; and 365 days of urine monitoring.

Through his counsel-substitute, Byrd filed an administrative appeal seeking rescission of the DHO's findings pending a full investigation of the common area rule. In support, Byrd argued he never possessed the contraband at issue, which was not in a secured locker, and therefore, it must have belonged to his cellmate at NSP. He also sought leniency.

On March 14, 2018, the assistant superintendent of the facility upheld the decision and imposition of sanctions. This appeal followed.

On appeal, Byrd argues that:

> [THE] AGENCY DECISION TO UPHOLD A
> GUILTY FINDING WAS NOT SUPPORTED BY
> ANY EVIDENCE ON RECORD IN VIOLATION OF
> NEW JERSEY RULES OF EVIDENCE RULE 401.
> (Not Raised Below).

Byrd further argues that the record lacked substantial credible evidence for the hearing officer to impose sanctions and therefore, his due process rights were violated.

## II.

Our role in reviewing the decision of an administrative agency is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010); In

re Taylor, 158 N.J. 644, 656 (1999). We will not upset the determination of an administrative agency absent a showing that it was arbitrary, capricious, or unreasonable; that it lacked fair support in the evidence; or that it violated legislative policies. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)).

We have also noted that the Legislature has provided the DOC with broad discretion in all matters regarding the administration of a prison facility, including disciplinary infractions by prisoners. Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 583 (App. Div. 1999). Therefore, we may not vacate an agency's determination because of doubts as to its wisdom or because the record may support more than one result. De Vitis v. N.J. Racing Comm'n, 202 N.J. Super. 484, 489-90 (App. Div. 1985).

However, "although the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review." Figueroa, 414 N.J. Super. at 191 (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)). We are not "relegated to a mere rubber-stamp of agency action[,]" but rather we must "engage in careful and principled consideration of the agency record and findings." Williams v. Dep't

of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (internal quotations and citation omitted).

Byrd contends that the SCO's decision not to question or drug test Byrd's cellmate sheds reasonable doubt concerning ownership of the CDS given his cellmate's access to his belongings. Moreover, Byrd claims the DOC did not prove with certainty that the CDS was not planted in his cell with his personal items.

Byrd's assertions are belied by the record. The finding of guilt was based on substantial credible evidence and the disciplinary hearing comported with all due process requirements.

A prison disciplinary proceeding "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply." Avant v. Clifford, 67 N.J. 496, 522 (1975) (quoting Morrissey v. Brewer, 408 U.S. 471, 480 (1972)). In Avant, the New Jersey Supreme Court prescribed limited due process protections due to prisoners prior to their subjection to discipline. Id. at 519, n.21.

These protections include written notice of the charges and timely adjudication; a hearing before an impartial tribunal; representation, if requested,

by counsel-substitute; a limited ability to call witnesses and confront adverse witnesses; and a limited ability to present documentary evidence. Id. at 525-30.

Here, the record reflects that Byrd was afforded all due process protections and his ability to defend himself was not impaired by the SCO not testing or questioning Byrd's cellmate. We have held "[w]here there is substantial evidence in the record to support more than one regulatory conclusion, 'it is the agency's choice which governs.'" In re Vineland Chem. Co., 243 N.J. Super. 285, 307 (App. Div. 1990) (De Vitis, 202 N.J. Super. at 491).

In the present case, the DHO reviewed an Inmate Contraband Seizure Report; several Special Custody Reports prepared in August 2017; a Use of Force Report; a March 2018 Preliminary Incident Report; the State Police Laboratory Drug Analysis; and photographs of the items removed from Byrd's cell. The DHO confirmed that the item was identified as a CDS.

Based upon our review of the record, we are convinced the charge against Byrd was supported by substantial credible evidence, and the DOC's determination was not arbitrary, capricious, or unreasonable. We further conclude that Byrd received all due process protections afforded him.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5966-17T2