**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0464-18T1

TREVIN ALLEN,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted June 24, 2020 – Decided July 14, 2020

Before Judges Accurso and DeAlmeida.

On appeal from the New Jersey Department of Corrections.

Trevin Allen, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Trevin Allen, an inmate in the custody of the Department of Corrections (DOC), appeals from the agency's August 27, 2018 final determination upholding a hearing officer's decision adjudicating him guilty of two disciplinary infractions and imposing sanctions. We affirm.

I.

The following facts are derived from the record. On August 19, 2018, prison staff suspected Allen was attempting to smuggle contraband into the facility by having swallowed drugs obtained during a visit. Officers placed Allen in a cell without an operating toilet with instructions that he notify an officer when he needed to evacuate his bowels so his stool could be examined for contraband.

The following morning, a video camera recorded Allen hiding behind the cell's toilet and defecating onto a tray from the cafeteria. Allen then picked through his feces, removing objects that he placed in his mouth and swallowed. Officers who reviewed the videotape removed Allen from the cell, placed him in an adjoining cell, and instituted a search. They discovered multiple fragments of balloons typically used to ingest drugs on the floor in the area of the toilet and hidden in the mattress, with which Allen had tampered.

A-0464-18T1

The next day, after being returned to his original cell, Allen defecated on the floor and smeared his feces on the cell wall. Inmates assigned to sanitation duty were later required to come into contact with Allen's feces when they cleaned the cell.

With respect to Allen's behavior on the first day, a corrections sergeant completed a disciplinary report detailing the contents of the videotape and the contraband discovered during the search. He recommended Allen be charged with infraction *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility, in violation of N.J.A.C. 10A:4-4.1(a)(2)(xxix).[1]

Another corrections sergeant conducted an investigation and, based on his findings, approved the disciplinary charge and referred the matter for a hearing. The sergeant delivered a copy of the charge to Allen, who pleaded guilty and requested the assistance of counsel substitute.

---

[1] Allen was also charged with infraction .210, possession of anything not authorized for retention or receipt by an inmate or not issued to him or her through regular correctional facility channels, contrary to N.J.A.C. 10A:4-4.1(a)(4)(iii), and infraction .152, destroying, altering, or damaging government property, or the property of another person. N.J.A.C. 10A:4-4.1(a)(4)(i). Those charges are not before the court.

A-0464-18T1

At the hearing, the hearing officer revised the charge to infraction *.708, refusal to submit to a search, in violation of N.J.A.C. 10A:4-4.1(a)(2)(xxxv). Allen, who was provided counsel substitute, maintained his guilty plea and requested leniency. He declined an offer to call witnesses.

The hearing officer reviewed the evidence, finding it sufficient to sustain the charge, and sanctioned Allen to 180 days in administrative segregation, a 180-day loss of commutation credits, a fifteen-day loss of recreation privileges, 365 days of urine monitoring, and a permanent loss of contact visits. The hearing officer determined the sanctions were appropriate to encourage compliance with orders, to maintain the safe and secure operation of the facility, and to hold Allen accountable for his actions.

With respect to Allen's behavior on the second day, a senior corrections officer completed a disciplinary report recommending Allen be charged with infraction *.012, throwing bodily fluid at any person or otherwise purposefully subjecting such person to contact with a bodily fluid, in violation of N.J.A.C. 10A:4-4.1(a)(1)(vi).

A corrections sergeant conducted an investigation and, based on his findings, approved the disciplinary charge and referred the matter for a hearing.

A-0464-18T1

The sergeant delivered a copy of the charge to Allen, who pleaded not guilty and requested the assistance of counsel substitute.

At the hearing, Allen, who was represented by counsel substitute, argued he was not guilty of the infraction because he did not throw his feces, but smeared it on a wall.[2] He declined an offer to call witnesses. Allen's counsel substitute requested leniency.

The hearing officer determined Allen's proffered defense was insufficient because the regulation prohibits not only throwing bodily fluids, but purposely subjecting others to come into contact with bodily fluids. The hearing officer adopted the reasoning in the officer's disciplinary report that Allen's behavior compelled the inmate sanitation crew to come into contact with his feces when they cleaned the cell.

Having adjudicated Allen guilty of the infraction, the hearing officer sanctioned him to 365 days in administrative segregation, a 365-day loss of commutation credits, and a ten-day loss of recreation privileges. The hearing officer determined the sanctions were warranted to deter vulgar behavior, hold Allen accountable for his actions, prevent the spread of diseases, and promote

---

[2] Allen does not dispute that feces is a bodily fluid for purposes of the inmate disciplinary code. See N.J.A.C. 10A:4-1.3.

the safe and orderly operation of the facility. The hearing officer did not specify whether the sanctions for the two infractions were to run concurrently or consecutively.

Allen filed an administrative appeal of the adjudications. An Assistant Superintendent upheld both adjudications and the sanctions imposed, noting Allen's behavior on the first day was a clear attempt to avoid being caught with contraband and that smearing feces on the wall on the second day created a hazardous environment for the sanitation crew.

This appeal followed. After Allen filed his brief, we granted the DOC's motion for a limited remand to permit the hearing officer to issue an amplification further explaining the justification for the sanctions imposed. In addition to reiterating the previously noted reasons for the sanctions, the amplification explained the sanctions for the two infractions were to run consecutively because they arose from separate incidents that took place on different dates.

In his initial brief, Allen raised the following arguments:

POINT I

THE COURTLINE HEARING OFFICER ERRED IN THE FINDING OF GUILT AND DID NOT TAKE INTO ACCOUNT APPELLANT[']S CLEAN URINALYSIS AND CLEAN STOOL SAMPLES.

POINT II

THE COURTLINE HEARING OFFICER VIOLATED APPELLANT[']S RIGHTS BY SENTENCING APPELLANT TO A[] SENTENCE THAT EXCEEDS THE LEGISLATURE[']S MANDATE OF 365 DAYS.

POINT III

THE COURTLINE HEARING OFFICER ERRED IN THE FINDING OF GUILT BECAUSE THE COURTLINE SERGEANT WAS THE OFFICER FOR COURTLINE RESULTING IN A LACK OF IMPARTIALITY AND A VIOLATION OF APPELLANT[']S RIGHT TO FAIRNESS.

In a supplemental brief filed after the remand, Allen raised the following arguments:

POINT I

THE DISCIPLINARY HEARING OFFICER'S DECISION VIOLATED DUE PROCESS.

POINT II

THE OFFICER TH[A]T SAT IN THE DISCIPLINARY HEARING WAS THE SAME OFFICER THAT LOCKED THE APPEL[L]ANT UP.

II.

Our review of a final agency decision is limited. Reversal is appropriate only when the agency's decision is arbitrary, capricious, or unreasonable, or

7

unsupported by substantial credible evidence in the record as a whole. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); see also In re Taylor, 158 N.J. 644, 657 (1999) (holding that a court must uphold an agency's findings, even if it would have reached a different result, so long as sufficient credible evidence in the record exists to support the agency's conclusions). "[A]lthough the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010) (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)).

"A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). In other words, it is "evidence furnishing a reasonable basis for the agency's action." Ibid. (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (App. Div. 2002)).

In addition, an inmate is not accorded the full panoply of rights in a disciplinary proceeding afforded a defendant in a criminal prosecution. Avant

v. Clifford, 67 N.J. 496, 522 (1975).  Instead, prisoners are entitled to: written notice of the charges at least twenty-four hours prior to the hearing; an impartial tribunal; a limited right to call witnesses and present documentary evidence; a limited right to confront and cross-examine adverse witnesses; a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed; and, where the charges are complex, the assistance of a counsel substitute.  Id. at 525-33; accord Jacobs v. Stephens, 139 N.J. 212 (1995); McDonald v. Pinchak, 139 N.J. 188 (1995).

Having reviewed the record in light of these precedents, we conclude there is ample evidentiary support for the DOC's final decision.  Allen admitted guilt to the *.708 charge.  He intentionally evacuated his bowels and manipulated his feces in order to avoid a search for contraband.  In addition, Allen admitted to having smeared his feces on the wall of his cell the day after his first infraction. It was reasonable for the Assistant Superintendent to affirm the hearing officer's determination that by putting his feces on the wall of his cell, Allen intentionally caused the sanitation crew to come into contact with his bodily fluid when they cleaned the cell.  Surely, Allen knew someone would be required to clean his feces from the cell wall.

9

We also are satisfied Allen received all due process protections to which he is entitled. Nothing in the record suggests that the hearing officer was influenced by the corrections officers who charged Allen being present at the hearing or that their presence was inappropriate. We note that the credibility of the corrections officers was not called into question by Allen, who, in effect, conceded the relevant facts. The hearing officer merely applied those facts to the provisions of the disciplinary code to adjudicate Allen guilty of the two infractions.

Nor are we persuaded by Allen's argument that the sanctions he received exceeded those authorized by DOC regulations. "The maximum administrative segregation sanction for any prohibited act or acts resulting from a single incident shall not exceed 365 days." N.J.A.C. 10A:4-5.1(a). Contrary to Allen's arguments, the disciplinary infractions he committed arise not from a single incident, but rather were distinct events on different days involving different unauthorized behavior. We reach the same conclusion with respect to Allen's argument the agency exceeded its authority by requiring the two sets of sanctions be served consecutively. According to N.J.S.A. 10A:4-5.1(c), "[a]dministrative segregation sanctions for all charges received as the result of

a single incident shall be served concurrently." Again, Allen's disciplinary infractions did not arise from a single incident.

We have reviewed Allen's remaining arguments and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only our observation that the fact that Allen may have tested negative for controlled dangerous substances around the time of the infractions is not relevant. He was not adjudicated guilty of a charge of ingesting drugs.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-0464-18T1