**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5443-18T2

PAUL KULHA, a/k/a
PAUL KUHLA,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted November 18, 2020 – Decided December 9, 2020

Before Judges Alvarez and Geiger.

On appeal from the New Jersey Department of Corrections.

James S. Friedman, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Travis M. Anderson, Deputy Attorney General, on the brief).

PER CURIAM

Paul Kulha, an inmate at South Woods State Prison, appeals from the final administrative decision of the Department of Corrections (DOC) that upheld a hearing officer's decision finding him guilty of a prohibited act and imposing disciplinary sanctions. We affirm.

On June 17, 2019, Corrections Officer Thomas Cannon conducted a routine bed area search of Kulha's prison cell and found three razors in Kulha's footlocker. Closer inspection revealed that the razors were altered; two had removed guards and exposed blades and the third had a half-inch of its blade exposed. Cannon noted that altered razors with exposed blades are commonly used as weapons in prisons and confiscated them. Kulha was charged with prohibited act *.202,[1] "possession or introduction of a weapon, such as, but not limited to, a sharpened instrument, knife, or unauthorized tool," in violation of N.J.A.C. 10A:4-4.1(a)(1).

On June 18, 2019, a Corrections Sergeant served the disciplinary charge on Kulha, investigated the charge, found it had merit, and referred the matter to a hearing officer for further action. The disciplinary hearing commenced on June 19, 2019. Kulha was represented by a counsel-substitute during the

---

[1] "Prohibited acts preceded by an asterisk (*) are considered the most serious and result in the most severe sanctions." N.J.A.C. 10A:4-4.1(a).

hearing. Kulha did not enter a plea to the charge. He was offered and declined the opportunity to call witnesses and the opportunity to confront and cross-examine adverse witnesses.

Cannon's reports stated that the three razors with altered blades were found in Kulha's footlocker. Two of the razors had missing guards and the third had a broken handle and a half-inch of blade exposed. Photographs were presented that depicted the alterations to the razors.

Kulha argued that the razors were used for grooming purposes. His counsel-substitute asked for leniency. After hearing the testimony and reviewing the evidence, the hearing officer found Kulha guilty of the charge and imposed the following sanctions: 181 days in administrative segregation; the loss of 160 days of commutation time; and the loss of fifteen days of recreational privileges. The sanctions fell within the range permitted under N.J.A.C. 10A:4-5.1(e).

Kulha filed an administrative appeal. On June 20, 2019, Assistant Superintendent Heather Griffin upheld the guilty finding and sanctions imposed by the hearing officer. This appeal followed.

Kulha argues that the decision of prison administration must be reversed because the hearing officer's findings and conclusions were not based on

substantial evidence in the record. He further contends that his due process rights were violated during the hearing by the hearing officer considering photographs of the razors rather than physically examining the razors.

We preface our analysis by recognizing our review of the DOC's decision is limited. Reversal is appropriate only when the agency's "decision is 'arbitrary, capricious, or unreasonable,' or unsupported 'by substantial, credible evidence in the record as a whole.'" Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 237-38 (App. Div. 2019) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)); see also In re Taylor, 158 N.J. 644, 657 (1999) (a court must uphold an agency's findings, even if it would have reached a different result, so long as sufficient credible evidence in the record exists to support the agency's conclusions). However, "although the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010) (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)).

We also must consider whether, in making its decision, the DOC followed the regulations governing prisoner disciplinary matters, which were adopted to

afford prisoners the right to due process. See Jacobs v. Stephens, 139 N.J. 212, 220-22 (1995); McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995).

"A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). In other words, it is "evidence furnishing a reasonable basis for the agency's action." Ibid. (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (2002)). "Where there is substantial evidence in the record to support more than one regulatory conclusion, 'it is the agency's choice which governs.'" In re Vineland Chem. Co., 243 N.J. Super. 285, 307 (App. Div. 1990) (quoting De Vitis v. N.J. Racing Comm'n., 202 N.J. Super. 484, 491 (App. Div. 1985)).

Kulha contends his right to due process was violated because the hearing officer considered photographs of the altered razors rather than the actual razors. He asserts that the photographs show that two of the razors "resemble standard disposable razors that can be purchased in any drug store. Each appears to have a plastic head which would typically contain a blade, as well as a handle that is presumably made of plastic." He further contends that the photograph of the

third razor "does not bear any resemblance to the disposable razors, and is completely unidentifiable from the photograph." We are unpersuaded.

An incarcerated inmate is not entitled to "the full panoply of rights" in a disciplinary proceeding that are afforded to defendants in a criminal prosecution. Avant v. Clifford, 67 N.J. 496, 522 (1975) (quoting Morrissey v. Brewer, 408 U.S. 471, 480 (1972)). An inmate is entitled to the following: written notice of the charges at least twenty-four hours prior to the hearing; an impartial tribunal; a limited right to call witnesses and present documentary evidence; a limited right to confront and cross-examine adverse witnesses; a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed; and, where the charges are complex, the inmate is permitted the assistance of a counsel substitute. Id. at 525-33. It is undisputed Kulha was afforded these procedural safeguards.

Contrary to Kulha's assertions, the photographs clearly depict the alterations to the three razors, including the removal of the blade guards. One of the photographs shows that the blade is exposed by almost three-eighths of an inch, which is far more than on an unaltered disposable razor. The photographs supported the hearing officer's finding that the altered razors "could be used to harm anyone."

Contrary to Kulha's argument, <u>Avant</u> does not require that physical evidence be considered at the hearing. 67 N.J. at 529. Moreover, as explained by the DOC, "because the confiscated razors are considered weapons," producing them at the hearing "would raise security concerns." <u>See</u> <u>McDonald</u>, 139 N.J. at 196 (recognizing the hearing officer's discretion to limit presentation of evidence that would "be unduly hazardous to correctional facility safety"). Accordingly, Kulha's was afforded adequate due process.

Kulha does not dispute that the razors were found in his footlocker. He admits that he purchased the razors. The hearing officer noted that Cannon reported Kulha was in possession of a weapon and Kulha stated that he used the razors for his hair.

Kulha contends that he purchased the razors legally at the prison's commissary and thereby possessed them consistent with institutional rules. We disagree. The fact that the razors were purchased at the commissary is not controlling. In their original, unaltered state, the razors were legally possessed. Altering the razors by removing their plastic guards, however, exposed the blades, weaponizing the razors. As altered, the razors were properly considered weapons in the form of sharpened instruments. Accordingly, possessing them was a prohibited act.

A-5443-18T2

Because the charge against Kulha was supported by substantial, credible evidence, the determination that he committed prohibited act *.202 was not arbitrary, capricious, or unreasonable.

To the extent we have not specifically addressed any of Kulha's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION