**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4079-18

BENJAMIN HARRIS, a/k/a
BENJAMIN CALVIN, and
BENJA HARRIS,

      Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

Submitted January 6, 2021 – Decided March 24, 2021

Before Judges Sumners and Mitterhoff.

On appeal from the New Jersey Department of Corrections.

Benjamin Harris, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Raajen V. Bhaskar, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Benjamin Harris, an inmate formerly incarcerated at South Woods State Prison, appeals from a final administrative determination that he committed prohibited act *.202 – possession or introduction of a weapon or unauthorized tool – in violation of N.J.A.C. 10A:4-4.1(a)(1). We reverse and remand for a rehearing.

Legible portions of the record indicate that on January 4, 2019, appellant's cellmate reported to a correctional officer that appellant "had a lock in a sock" hidden under a mattress in their shared cell. A search of the cell revealed a padlock tied inside of a sock. Department of Corrections staff confiscated the improvised weapon and placed it in the facility's evidence locker.

Both appellant and his cellmate were charged with violating *.202 of N.J.A.C. 10A:4-4.1(a)(1), which prohibits the "possession or introduction of a weapon, such as, but not limited to, a sharpened instrument, knife, or unauthorized tool." Appellant was served with notice of the disciplinary charge on January 5, 2019. He pled not guilty. In his defense, appellant alleged his cellmate placed the improvised weapon under his mattress and reported it in an attempt to be transferred out of that housing unit because he owed other inmates outstanding gambling debts.

A disciplinary hearing was held on January 7, 2019. Appellant allegedly requested to call Correctional Officer Banks to testify to the events of January 4, 2019, which would provide evidence of his cellmate's motive to make the false report. That request, however, was allegedly denied. Respondent, in turn, contends that defendant waived his right to call witnesses at the disciplinary hearing.

At the conclusion of the hearing, the hearing officer found appellant guilty of prohibited act *.202. Appellant administratively appealed the decision. On February 14, 2019, the facility's Assistant Superintendent upheld the finding of guilt and sanctions imposed. On April 4, 2019, appellant filed a notice of appeal of the Assistant Superintendent's decision.

On appellant's motion to this court, respondent was compelled to provide certain agency records related to the disciplinary hearing, including the Adjudication of Disciplinary Charge Form. In response, respondent sent a five-page document that is primarily black in color with white and gray markings throughout. Various words can sporadically be deciphered, but the document as a whole is illegible. On December 16, 2019, appellant requested that respondent send a better quality copy of the Adjudication of Disciplinary Charge Form, as

A-4079-18

the document was critical to his appeal. On January 21, 2020, respondent informed appellant that it was unable to provide a more legible copy.

On appeal, appellant raises the following issue for our review:

POINT I

APPELLANT [WAS] DEPRIVED [OF] DUE PROCESS WHERE [THE] DISCIPLINARY HEARING OFFICER FAILED TO BASE THE FINDING OF GUILT ON SUBSTANTIAL EVIDENCE N.J.A.C. 10A:4-9.15.

Appellant contends the disciplinary hearing officer's determination was not based on substantial evidence. He highlights that the lock in a sock was found in the shared cell when he was not present, and denies ever possessing or having knowledge of the makeshift weapon. Appellant notes that his cellmate was also charged with a *.202 offense. When the evidence of his cellmate's motive is considered, which he allegedly presented at the disciplinary hearing, appellant argues that it becomes clear he never possessed a weapon. Moreover, because he would have relied on Officer Bank's testimony as further support of his cellmate's motive, it was improper that he was denied the opportunity to examine the witness.

At the outset, we acknowledge the limited scope of our review. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010) (citations

A-4079-18

omitted).  Generally, the decision must not be disturbed on appeal unless it is arbitrary, capricious, or unreasonable, or unsupported by substantial credible evidence. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citing Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963)).  Substantial evidence has been defined as "such evidence as a reasonable mind might accept as adequate to support a conclusion[,]" or "evidence furnishing a reasonable basis for the agency's action." Figueroa, 414 N.J. Super. at 192 (quotations omitted); see also N.J.A.C. 10A:4-9.15(a).  Accordingly, "disciplinary actions against inmates must be based on more than a subjective hunch, conjecture or surmise of the factfinder." Figueroa, 414 N.J. Super. at 191.

While prisoners do not enjoy the full spectrum of due process rights, a prison inmate charged with a disciplinary action is entitled to certain limited due process rights.  Wolff v. McDonnell, 418 U.S. 539, 555-56 (1974); Avant v. Clifford, 67 N.J. 496, 523 (1975) (quoting Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972)).  Those rights include an inmate's entitlement to written notice of the charges at least twenty-four hours prior to the hearing, N.J.A.C. 10A:4-9.2, a fair tribunal, N.J.A.C. 10A:4-9.15, a limited right to call witnesses and present documentary evidence, N.J.A.C. 10A:4-9.13, a limited right to confront and cross-examine adverse witnesses, N.J.A.C. 10A:4-9.14, a right to a written

statement of the evidence relied upon and the reasons for the sanctions imposed, N.J.A.C. 10A:4-9.24, and, in certain circumstances, the assistance of counsel-substitute, N.J.A.C. 10A:4-9.12. Those regulations "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams v. Dep't of Corr., 330 N.J. Super. 197, 203 (App. Div. 2000) (citing McDonald v. Pinchak, 139 N.J. 188, 202 (1995)).

We have noted "[p]risons are dangerous places, and the courts must afford appropriate deference and flexibility to administrators trying to manage this volatile environment." Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 584 (App. Div. 1999). A reviewing court "may not substitute its own judgment for the agency's, even though the court might have reached a different result." In re Stallworth, 208 N.J. 182, 194 (2011) (quotation omitted). But our review is not "perfunctory," Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (2002), nor is "our function . . . merely [to] rubberstamp an agency's decision[.]" Figueroa, 414 N.J. Super at 191 (citing Williams, 330 N.J. Super. at 204). Instead, it is our duty to engage in a "careful and principled consideration of the agency record and findings[.]" Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973).

To enable us to exercise this function, however, the agency must provide a reasonable record and statement of its findings. Blyther v. N.J. Dep't of Corr., 322 N.J. Super. 56, 63 (App. Div. 1999). "No matter how great a deference we must accord the administrative determination, we have no capacity to review the issues at all 'unless there is some kind of reasonable factual record developed by the administrative agency and the agency has stated its reasons' with particularity." Ibid. (quoting In re Issuance of a Permit by Dep't of Env't Prot., 120 N.J. 164, 173 (1990)). "[W]e insist that the agency disclose its reasons for any decision, even those based upon expertise, so that a proper, searching, and careful review by this court may be undertaken." Balagun v. N.J. Dep't of Corr., 361 N.J. Super. 199, 203 (App. Div. 2003); see also N.J.A.C. 10A:4-9.15 (mandating that a hearing officer specify, on an adjudication form, the evidence relied upon in making a finding of guilt after a disciplinary hearing).

The Adjudication of Disciplinary Charge Form plays a critical role in appellate review of Department of Corrections disciplinary decisions. It ensures that an inmate's limited due process rights are protected and resolves factual disputes regarding the events of a disciplinary hearing. Without the benefit of an Adjudication of Disciplinary Charge Form in this case, we are left with a

7

factual record that is inadequate for us to meaningfully review the agency's decision.

We are unable to determine if appellant was given the opportunity to call witnesses, N.J.A.C. 10A:4-9.13, to cross-examine adverse witnesses, N.J.A.C. 10A:4-9.14, or if he was given a written statement of the evidence relied upon and the reasons for the sanctions imposed, N.J.A.C. 10A:4-9.24. Because the record does not indicate which sanctions were imposed, we are unable to determine whether the sanctions conformed to the mandatory parameters set forth in N.J.A.C. 10A:4-4.1. Nor are we able to determine if the hearing officer based his decision on substantial evidence, N.J.A.C. 10A:4-9.15(a). In light of the deficiencies in the record, we are constrained to remand the matter for a rehearing so that an adequate record can be created. We express no opinion on the merits of the disciplinary charge.

Reversed and remanded for a rehearing consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8                                                                    A-4079-18