**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2187-19

THAO KIM,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted July 6, 2021 – Decided August 19, 2021

Before Judges Messano and Smith.

On appeal from the New Jersey Department of Corrections.

Thao Kim, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Daniel S. Shehata, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Thao Kim, an inmate, appeals the January 27, 2020 final decision of the New Jersey Department of Corrections (DOC) finding Kim committed various disciplinary infractions and imposing corresponding sanctions. We reverse and remand for the reasons set forth below.

I.

We glean the facts and procedural history from the limited record. On December 17, 2019, at 6:55 p.m., a staff member, Alpha Jabateh, observed Kim exiting a bathroom at a DOC residential facility. Jabateh reported that Kim's eyes were glassy and bloodshot, and his speech was slurred. Kim also had tobacco ashes on his hood. Kim was taken to the program manager's office and searched using a metal detector. He was found to be in possession of a black lighter. Later that evening Kim was strip searched prior to being transported to a detention facility. Contraband, in the form of a small resealable plastic bag containing a green leafy substance, was discovered in Kim's underwear. On December 18, a DOC investigator conducted a field test and concluded the leafy green substance was not marijuana.[1]

---

[1] Officer Rodriquez, who prepared the field test report and concluded that the green leafy substance was not marijuana, indicated in his report that the substance would be sent out to the New Jersey State Police Lab (NJSP) for

A-2187-19

On December 19, at 8:00 a.m., the DOC served Kim with disciplinary charges alleging three infractions: possession or introduction of drugs, intoxicants or related paraphernalia not proscribed by medical staff, *.203; being intoxicated while assigned to a residential community program, .552A; and possession of tobacco products or matches not permitted, .554.

The record further shows that the DOC hearing officer recorded guilty findings on charge .554 at 10:05 a.m. and charge *.203 at 10:17 a.m. and then imposed sanctions. The hearing officer found Kim not guilty of charge .552, being intoxicated while in a residential program. The record reveals no evidence of Kim's presence or waiver of his presence at the disciplinary hearing.

Later on December 19, at 4:15 p.m., the DOC issued a final decision on Kim's administrative appeal upholding the hearing officer's findings. Kim appeals, arguing that the DOC's decision was arbitrary, capricious, or unreasonable and unsupported by substantial credible evidence in the record.

## II.

Our role in reviewing the decision of an administrative agency is limited. In re Taylor, 158 N.J. 644, 656 (1999); Figueroa v. N.J. Dep't of Corr., 414 N.J.

---

further testing. The record does not contain the outcome of such an NJSP test, or if it took place.

A-2187-19

Super. 186, 190 (App. Div. 2010). We will not upset the determination of an administrative agency absent a showing that it was arbitrary, capricious, or unreasonable; that it lacked fair support in the evidence; or that it violated legislative policies. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citing Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963)).

We have also noted that the Legislature has provided the DOC with broad discretion in all matters regarding the administration of a prison facility, including disciplinary infractions by prisoners. Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 583 (App. Div. 1999). Therefore, we may not vacate an agency's determination because of doubts as to its wisdom or because the record may support more than one result. De Vitis v. N.J. Racing Comm'n, 202 N.J. Super. 484, 489-90 (App. Div. 1985).

However, "although the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review." Figueroa, 414 N.J. Super. at 191 (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)). We are not "relegated to a mere rubber-stamp of agency action," but rather we must "engage in careful and principled consideration of the agency record and findings." Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (citations omitted).

4

A prison disciplinary proceeding "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply." Avant v. Clifford, 67 N.J. 496, 522 (1975) (quoting Morrissey v. Brewer, 408 U.S. 471, 480 (1972)). In Avant, our Supreme Court prescribed limited due process protections due prisoners prior to their subjection to discipline. Id. at 519 n.21. These protections include written notice of the charges and timely adjudication; a hearing before an impartial tribunal; representation, if requested, by counsel-substitute; a limited ability to call witnesses and confront adverse witnesses; and a limited ability to present documentary evidence. Id. at 525-30.

The discipline of prisoners for violations of rules and regulations rests solely within the discretion of the DOC. See, e.g., N.J.S.A. 30:1B-6, -10. The due process safeguards established by the DOC for the administration and implementation of inmate discipline are set forth in N.J.A.C. 10A:4-1.1 to -12.3.

The report containing allegations of offenses against an inmate "shall be served upon the inmate within 48 hours after the violation . . . ." The DOC must ensure an investigating or reporting staff member delivers the report to the inmate, and that the date and time of delivery is recorded. The inmate "shall have" 24 hours to prepare a defense. N.J.A.C. 10A:4-9.2.

Inmates are permitted to be present throughout their disciplinary hearing with limited exceptions for deliberation or facility security. The reasons for an inmate's absence have to be "well documented." N.J.A.C. 10A:4-9.10. If the inmate refuses to attend their own disciplinary hearing, the DOC must counsel them on the potential consequences of not attending and then obtain a signed waiver acknowledging their refusal to attend. If the inmate refuses to sign, the DOC must return the waiver to the hearing officer noting the refusal on the document. In turn, the hearing officer must document the inmate's refusal to appear for the record on his or her adjudication report. N.J.A.C. 10A:4-9.11.

III.

Two hours and seventeen minutes elapsed from the time the DOC served charges on Kim until the hearing officer found him guilty in absentia of charges *.203 and .554. The DOC issued a final decision six hours later. Kim argues that this rush to judgment was arbitrary, capricious, and unreasonable. We agree. Although an inmate's due process protections are limited, Avant, 67 N.J. at 525, those limited protections are meaningful, and agencies have a duty to respect them. Ibid.

We find that the DOC's: (1) failure to provide Kim twenty-four hours to prepare his defense; (2) election to proceed without being able to show Kim

A-2187-19

waived his presence; and (3) near simultaneous issuance of both the initial and final decision collectively represent arbitrary and capricious conduct by the agency. The DOC's actions in pushing Kim's discipline through while disregarding its own regulations were unreasonable and violative of the limited due process rights Kim is entitled to under <u>Avant</u>. Like any state agency, the DOC must "turn square corners" and "comport itself with compunction and integrity." <u>See</u> <u>F.M.C. Stores Co. v. Borough of Morris Plains</u>, 100 N.J. 418, 426 (1985). On this record, we need not address Kim's argument that the DOC's final decision lacked the support of substantial and credible evidence in the record, as we find the hearing should not have gone forward.

We reverse the DOC's final decision as well as vacate the guilty findings and related sanctions against Kim. We remand this matter to the DOC for a new hearing consistent with the principles set forth in this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7