95 N.J. Super. 92 (1967)
230 A.2d 151
TADEUSZ OSZMANSKI, AMENDED TO READ VICTORIA OSZMANSKI, WIDOW AND SOLE DEPENDENT OF TADEUSZ OSZMANSKI, PETITIONER-RESPONDENT,
v.
BERGEN POINT BRASS FOUNDRY, INC., RESPONDENT-APPELLANT.
VICTORIA OSZMANSKI, WIDOW OF TADEUSZ OSZMANSKI, DECEASED, PETITIONER-RESPONDENT,
v.
BERGEN POINT BRASS FOUNDRY, INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1967.
Decided May 17, 1967.
*93 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Isidor Kalisch argued the cause for respondent-appellant.
Mr. Seymour B. Jacobs argued the cause for petitioner-respondent.
PER CURIAM.
This is an appeal from a judgment of the Hudson County Court affirming a decision of the Division of Workmen's Compensation awarding petitioner both temporary benefits in respect of work-connected injuries allegedly sustained by her late husband as an employee of appellant, *94 and dependency benefits as his widow, by reason of an asserted causal relation between his work and his death of heart disease.
The theories of recovery advanced by the decedent in his lifetime and by petitioner after his death depended upon the establishment of certain factual premises concerning the nature of the decedent's work, its physiological effect upon his health and particularly his heart, the nature of an accident he allegedly sustained at work on or about May 1, 1962, whether that accident resulted in a contusion of decedent's heart, and whether, proceeding from the assumptions of either negative or affirmative answers to the last-stated question, the total experience of decedent at work constituted a material factor in bringing about or accelerating his death of heart disease.
There were substantial conflicts of testimony in all of the foregoing respects in the Division. We find ourselves unable from a reading of the opinion of the County Court judge to learn his specific conclusions of fact on each of such issues in order to be able to determine whether they "could reasonably have been reached on sufficient credible evidence in the record," with due regard for the compensation judge's ability to weigh credibility and for his expertise, as we are required to do under Close v. Kordulak Bros., 44 N.J. 589, 599 (1965).
The opinion of the County Court is basically a recounting of the highlights of some of the testimony, but without conclusions thereon; an allusion to the liberal policy of appraisal of evidence in favor of the employee under the supposed authority of Aromando v. Rubin Bros. Drug Sales Co., 47 N.J. Super. 286, 293 (App. Div. 1957), as well as to the compensation judge's advantage in being able personally to observe the witnesses, and a final conclusion:
"Accordingly this court finds that the petitioner's decedent, Tadeusz Oszmanski, was employed by respondent, Bergen Point Brass Foundry, Inc., in the latter part of April 1962 or early part of May 1962, and while in the course of his employment he did suffer an injury to his *95 left forearm and left chest wall region; and that on said date he suffered an accident arising out of and during the course of his employment which eventually resulted in his death; that there was a causal connection between his work activities and his death and that the petitioner has sustained the required burden of proof."
A mere cataloging of evidence and an ultimate conclusion of liability without reasoned explanation from specific findings of underlying basic facts does not satisfy the requirements of the adjudicatory process. Delaware, L. & W.R. Co. v. City of Hoboken, 10 N.J. 418 (1952). Nor does it enable us to properly perform our review function within the guidelines of Close, supra.
We observe, moreover, that the dictum in Aromando relied upon by the County Court has sometime ago been sharply qualified by this court in Page v. Federated Metals Div., 71 N.J. Super. 59, 63 (App. Div. 1961), certification denied 38 N.J. 302 (1962), where we said:
"We think it beyond dispute that Aromando did not turn upon the injection of a principle not countenanced by the established concept of a petitioner's burden of proof. And we take this opportunity to reiterate that the doctrine of liberal construction has to do with the scope of the act, and the coverage provided by it. It has no place in the evaluation of credibility, or of weight or sufficiency of evidence. In short, it applies to the law, not to the evidence." (Emphasis added)
The County Court will upon the remand make the necessary alteration in its approach to the proofs so as to comply with Page in executing this remand.
The County Court is therefore directed to make specific findings of fact as to the following issues:
1. What in reasonable probability were the specific conditions attending decedent's work in respect of presence of deleterious substances, and during what periods of time?
2. What was the frequency of exposure of decedent in fact to each of the specific allegedly deleterious substances recounted in the testimony of the expert witness Sax, and during what period or periods of time?
*96 3. Whether in reasonable probability any such exposures in fact affected decedent's body and physiological processes, and how and to what extent.
4. Whether in fact there was a traumatic injury to decedent's chest wall in or about May 1962, and whether in reasonable probability this at that time produced a contusion to decedent's heart; and whether and how any such event or contusion was causally related to the myocardial infarction mentioned in the hospital record of June 1962.
5. Whether there was any accident or heart incident involving decedent's work on or about December 5, 1962.
6. Whether, to what extent or how, in reasonable probability, anything decedent did, sustained or was exposed to at work caused, contributed to or accelerated his death in material degree.
The County Court may make such other findings as in its judgment are necessary or desirable in the light of this opinion.
The cause is remanded to the Hudson County Court with directions to make and file the findings afore-mentioned within 45 days of the entry of the mandate herein. The parties may then apply to this court for directions as to the filing of supplemental briefs. We retain jurisdiction.