791 A.2d 310

EMOTION BLACKWELL, APPELLANT, v. DEPARTMENT OF CORRECTIONS, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 29, 2002—Decided February 20, 2002.

118

Before Judges PRESSLER, CIANCIA and PARRILLO.

Emotion Blackwell, Appellant filed a pro se brief.

*David Samson*, Attorney General, attorney for respondent (*Patrick DeAlmeida*, Deputy Attorney General, of counsel; *Lisa A. Puglisi*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

CIANCIA, J.A.D.

This is a prison disciplinary appeal. Emotion Blackwell, an inmate currently confined at New Jersey State Prison in Trenton, appeals a final determination of the Department of Corrections (DOC) finding that he committed prohibited act .256, refusing to obey an order of any staff member, and prohibited act *.306, conduct that disrupts or interferes with the security or orderly running of the correctional facility, both in violation of *N.J.A.C.* 10A:4–4.1. We now reverse the final agency decision, in part because of inadequate findings by the DOC and in part because of an apparent lack of credible evidence to support the *.306 charge.

From the record before us we are able to ascertain the following. On November 3, 2000, inmates were participating in an Islamic prayer service in the "south compound visit hall" (SCVH). At the end of the service, the inmates were released back to living areas based upon geographic designation. Blackwell lived in the south compound, but did not leave when that area was called. He claims that he and another inmate were putting away prayer rugs and impliedly did not hear the call for south compound inmates. When he realized that he had missed the call, he exited when inmates from the north and west compounds were released. Blackwell apparently returned to the south compound without incident.

Blackwell was charged on November 4, 2000 with refusing to obey an order of any staff member, the .256 charge. On November 5, 2000, Blackwell was charged with conduct that disrupts or interferes with the security or orderly running of the correctional facility, the *.306 charge. As far as the record reveals, both charges were based solely upon the conduct previously described. Blackwell was found guilty of both charges after a courtline

hearing. He appealed the decision to the prison administrator and it was affirmed by the assistant superintendent.

■ The DOC is not required to provide a verbatim record of disciplinary proceedings, *McDonald v. Pinchak*, 139 *N.J.* 188, 201–202, 652 *A.*2d 700 (1995); *Daley v. Department of Corrections*, 331 *N.J.Super.* 344, 751 *A.*2d 1089 (App.Div.2000), and none is available to us in the present case. We also have only a limited recitation of what evidence was presented at that hearing. It appears Blackwell gave his version of events, and it may be that the charging officer, or perhaps an investigating officer, also gave a version of events. The disciplinary reports were apparently reviewed.

The disciplinary report charging the .256 infraction states, "[o]n the above date and approx. time I/M Blackwell, . . . was ordered to exit the S.C.V.H., said I/M refused and didn't exit the S.C.V.H. until the North and West compound was called out." The findings on that charge by the hearing officer are: "[b]ody of charge is supported by officers report, i/m failed to comply with order to move with right compound, H/O notes i/m's witness is same as person who wrote the charge, no evidence to discredit the officers report, all relied on to determine guilt."

The disciplinary report charging the *.306 infraction states, "Blackwell . . . did refuse . . . order to exit the s/c visit hall at the end of Islamic services. . . . I/M exited the visit hall with the north & west compound. I/M action interfere with the security & orderly running of the correctional facility." The findings on the *.306 charge by the hearing officer are: "[b]ody of charge is supported by officers report, officer has no reason to fabricate the charge, no evidence to discredit the officer report, support the i/m, all relied on to determine guilt."

As indicated, Blackwell appealed both adjudications to the prison administrator. As part of that appeal, defendant, through his designated inmate legal assistant, set forth a narrative of his position concerning both charges. In denying the appeal, the

assistant superintendent stated, "[t]here was compliance with the New Jersey Administrative Code on inmate discipline which prescribes procedural safeguards. The decision of the Hearing Officer was based upon substantial evidence." There is no recitation of what that substantial evidence was.

It is now well-settled that prison inmates do not enjoy the full spectrum of due process rights, but such rights are to be abridged only to the extent necessary to accommodate the institutional needs and objectives of prisons. *McDonald, supra,* 139 *N.J.* at 194, 652 *A.*2d 700. Prisoners remain entitled to certain basic due process protections, *Daley, supra,* 331 *N.J.Super.* at 346, 751 *A.*2d 1089, including a written statement of factfindings and a statement of reasons for the disciplinary action taken, unless providing that information would jeopardize institutional security. *Avant v. Clifford,* 67 *N.J.* 496, 533, 341 *A.*2d 629 (1975) (quoting with approval the New Jersey Standards on the Inmate Discipline Program and finding them "compatible with constitution and law").

More broadly, an agency's obligation to adequately set forth its rationale in support of a final determination is now beyond cavil:

However, when an administrative body renders a decision and fails to make adequate findings of fact and give an expression of reasoning which, when applied to the found facts, led to the conclusion below, the decision cannot stand. In *N.J. Bell Tel. Co. v. Communications Workers of America,* 5 *N.J.* 354, 75 *A.*2d 721 (1950), the Court stated:

It has been said that it is a fundamental of fair play that an administrative judge express a reasoned conclusion.... A conclusion requires evidence to support it and findings of appropriate definiteness to express it. [*Id.* at 375, 341 *A.*2d 629 (citations omitted).]

And the findings must be:

... sufficiently specific under the circumstances of the particular case to enable the reviewing court to intelligently review an administrative decision and ascertain if the facts upon which the order is based afford a reasonable basis for such order. [*Id.* at 377, 341 *A.*2d 629.]

*See also Van Realty, Inc. v. City of Passaic,* 117 *N.J.Super.* 425, 430–431, 285 *A.*2d 52 (App.Div.1971).

Thus, a mere cataloging of evidence followed by an ultimate conclusion of liability, without a reasoned explanation based on specific findings of basic facts,

does not satisfy the requirements of the adjudicatory process because it does not enable us to properly perform our review function within the guidelines of *Close [v. Kordulak Bros.*, 44 *N.J.* 589, 210 *A.*2d 753], supra. *Oszmanski v. Bergen Point Brass Foundry, Inc.*, 95 *N.J.Super.* 92, 95, 230 *A.*2d 151 (App.Div.1967), certif. den. 51 *N.J.* 181, 238 *A.*2d 468 (1968). In *Benjamin Moore & Co. v. City of Newark*, 133 *N.J.Super.* 427, 429, 337 *A.*2d 371 (App.Div.1975) we reiterated that warning. *See also St. Vincent's Hospital v. Finley*, 154 *N.J.Super.* 24, 31, 380 *A.*2d 1152 (App.Div.1977).

[*Lister v. J.B. Eurell Co.*, 234 *N.J.Super.* 64, 73, 560 *A.*2d 89 (App.Div.1989).]

 The DOC is not immune from these requirements, although in prison disciplinary matters we have not traditionally required elaborate written decisions. As we said in *Williams v. Department of Corrections*, 330 *N.J.Super.* 197, 203–204, 749 *A.*2d 375 (App.Div.2000), although the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review.

While our scope of review is limited, we cannot be relegated to a mere rubber-stamp of agency action. *State-Operated School District of the City of Newark v. Gaines*, 309 *N.J.Super.* 327, 332, 707 *A.*2d 165 (App.Div.), *certif. denied*, 156 *N.J.* 381, 718 *A.*2d 1210 (1998); *Chou v. Rutgers*, 283 *N.J.Super.* 524, 539, 662 *A.*2d 986 (App.Div.1995), *certif. denied*, 145 *N.J.* 374, 678 *A.*2d 714 (1996). Here, were we to accept the naked conclusion of the senior investigator, we would merely be rubber-stamping the Department's opinion, for it provides no real guidance to the conclusion it reached. That we cannot, and will not, do.

[*Id.* at 204, 749 *A.*2d 375.]

 We reach the same conclusion in the present case. The .256 charge against Blackwell turned largely on credibility. He was accused of intentionally disregarding an order. We do not know from this record if the charging officer was a witness at the hearing, although there is some indication that he may have been called by Blackwell. We do know that the charging officer's report was considered and that report asserted that Blackwell "was ordered to exit S.C.V.H., said I/M refused and didn't exit the S.C.V.H. until the north and west compound was called out." Blackwell's version, as written in his request for an administrative appeal and, we assume, as presented at the hearing, was significantly different. He stated the incident was a misunderstanding. He and another inmate were placing prayer rugs back in storage

and they returned from that task only to find that south compound had already been called.

Exactly what circumstances surrounded Blackwell's conduct on the day in question are never set forth by the hearing officer, even assuming there was sufficient evidence at the hearing to allow such findings. One obvious question is whether Blackwell even heard the order he allegedly disobeyed. Why the hearing officer found the report of the charging officer more persuasive than Blackwell's testimony is unknown. Our concluding comments in *Decker v. New Jersey Department of Corrections,* 331 *N.J.Super.* 353, 359, 751 *A.*2d 1094 (App.Div.2000), are applicable here as well:

This is not a case involving either a confidential informant or prisoner witnesses offered by the institution to sustain its case. It is a case that turns on whether the complaining officer is correct or incorrect in charging an inmate with conduct that was intentional. Stated differently, the hearing officer had to decide whether the inmate was credible in contending that the conduct was accidental. This is not the type of case that can be resolved exclusively by reference to the charging officer's report and his supplementary report designed to answer the inmate's defense. In these circumstances, the inmate is entitled to challenge the officer's perceptions by developing why the officer thought the incident was purposeful as opposed to accidental.

Here, too, Blackwell should have been afforded the opportunity to challenge the charging officer's perceptions concerning the events surrounding his alleged disobedience of the order to leave the prayer services. There is no indication he was afforded that opportunity or, if so afforded, how that evidence was evaluated. *See Gross v. New Jersey Department of Corrections,* 167 *N.J.* 626, 772 *A.*2d 929 (2001) (remanding disciplinary adjudication to allow cross-examination of correction officers by prisoner, and citing *Decker*). Accordingly, the determination on the .256 charge is vacated and the matter remanded for further proceedings consistent with this opinion.

Adjudication of the *.306 charge suffers from the same deficiencies as the .256 charge, plus the additional problem that we can find no basis in the record for adding this charge onto the initial .256 charge. The disciplinary report setting forth a description of the alleged *.306 infraction merely states that Blackwell

refused an order to exit the hall and he exited the hall with the north and west compounds. It concludes that Blackwell's action "interfered with the orderly running of the correctional facility," but that, of course, is the ultimate issue. It is nowhere asserted by the DOC that breach of .256 automatically entails a breach of *.306, nor does logic lead to such a conclusion. We can find no basis in this record for an assertion, much less a conclusion, that Blackwell's conduct had disrupted or interfered with prison security or the orderly running of the correctional facility. We note the investigating officer's written comment that he "cannot support this charge on the evidence." In these circumstances, the absence of any evidential basis for the *.306 charge must result not only in vacation of the adjudication, but in dismissal of that charge.

The final determination on the .256 charge is vacated and that matter is remanded for further proceedings. The adjudication on the *.306 charge is vacated and the charge is dismissed.