**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3419-18

SEAN MALCOLM,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Defendant.

_____

Submitted May 13, 2020 – Decided July 2, 2021

Before Judges Fuentes and Enright.

On appeal from the New Jersey Department of Corrections.

Sean Malcolm, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Shuster, Assistant Attorney General, of counsel; Niccole L. Sandora, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Appellant Sean Malcolm is currently incarcerated at New Jersey State Prison serving a thirty-year term of imprisonment for murder, N.J.S.A. 2C:11-3a(1), with an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2, as well as related lesser included offenses. He appeals from the decision of a Hearing Officer who found he committed a disciplinary infraction, to wit prohibited act *.203, possession of any prohibited substance. Appellant was originally charged with prohibited act *.503, making an intoxicant. However, based on insufficient evidence to support the accusation that appellant actually made the intoxicant, the Hearing Officer amended the charge to *.203. Corrections Officer Sergeant Bezek served appellant with this amended charge on February 6, 2019.

The Corrections Officer who searched appellant's cell on February 5, 2019, found a bottle containing a liquid with a strong odor of alcohol. Sergeant Bezek averred that he sniffed the bottle found in appellant's possession and its content smelled like an alcoholic beverage "based on his training and experience." Appellant claimed the content of the bottle was only juice. He pleaded not guilty and at his request was granted counsel substitute. He admitted possession of the bottle, but denied it contained any intoxicants.

Counsel substitute argued that the Department of Corrections (DOC) did not present proof that there was bread or sugar found in the bottle and Sergeant Bezek did not have the kind of "specialized training" to permit him to differentiate, based on smell alone, between spoiled fruit juice and fruit juice modified to create an alcoholic beverage. The Hearing Officer reviewed the evidence and considered the arguments presented and found the content of the staff reports were sufficient to find appellant guilty of disciplinary infraction *.203.

The Hearing Officer imposed a sanction of 120 days of administrative segregation, 120 days loss of commutation time, permanent loss of contact visits, 365 days of urine monitoring, referral for a mental health evaluation, and confiscation of the prohibited item. Appellant administratively appealed the Hearing Officer's decision and on March 5, 2019, an associate administrator upheld the guilty finding, as well as the sanctions imposed. This appeal followed.

Based on the standard of proof required, we reverse. "A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence" means "such evidence as a reasonable mind might accept as adequate

A-3419-18

to support a conclusion." Figueroa v. New Jersey Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Public Serv. Electric & Gas Co., 35 N.J. 358, 376 (1961)). An appellate court may reverse a disciplinary conviction that is "not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980).

Although a lay person may opine about whether a person is under the influence of alcohol, Sergeant Bezek testified the liquid was an alcoholic beverage based on his specialized training. In Blanchard v. New Jersey Dep't of Corr., we held that the DOC "acted arbitrarily, capriciously or unreasonably in denying a confirmatory laboratory test of a powder, seized from the inmate, which a field test indicated contained cocaine." 461 N.J. Super. 231, 235 (App. Div. 2019). The situation here is analogous. The content of the bottle may have had an odor associated with an alcoholic beverage, but this alone does not constitute substantial evidence.

This court has made clear that,

> "although the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review." Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002). Accordingly, our function is not to merely rubberstamp an agency's decision, Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000); rather, our function is "to engage in 'a careful and

4

principled consideration of the agency record and findings.'" Ibid. (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

[Figueroa, 414 N.J. Super. at 191].

Here, the Hearing Officer held that appellant "did not provide any evidence to discredit staff reports. As such, [the Hearing Officer] will rely on written reports and clarification received to support the charge as amended." The Hearing Officer improperly shifted the burden of proof to appellant. Without some basis to assess the reliability of the specialized training received by Sergeant Bezek, the Hearing Officer's findings are not supported by substantial evidence.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3419-18