**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1680-22

PATRICK PANTUSCO,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Argued March 5, 2024 – Decided March 13, 2024

Before Judges Haas and Natali.

On appeal from the New Jersey Department of Corrections.

Patrick Pantusco, appellant, argued the cause pro se.

Dorothy M. Rodriguez, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Katherine Ellen Chrisman, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Patrick Pantusco appeals from the denial of his grievance by the New Jersey Department of Corrections (DOC) in which he sought back pay, work credits, and reinstatement to his previous position as a food service worker. For the following reasons, we remand this matter to DOC for further proceedings consistent with this opinion.

Appellant is currently incarcerated at Northern State Prison in Newark, where he is serving a maximum fifty-year sentence, with a thirty-year period of parole ineligibility for felony murder, aggravated manslaughter, aggravated assault, robbery, burglary, and theft. See State v. Pantusco, 330 N.J. Super. 424 (App. Div. 2000), certif. denied, 165 N.J. 527 (2000). Beginning in December 2020, appellant was assigned to work in the kitchen seven days per week at a wage of $3.20 per day. On August 19, 2022, DOC charged appellant with committing prohibited act *.011, "possession or exhibition of anything related to a security threat group."

Appellant was thereafter placed in prehearing disciplinary housing (PHDH). Due to his pending disciplinary charge and relocation to PHDH, appellant could not report to work, and on September 14, 2022, DOC formally removed him from his kitchen job. Following hearings on August 24, 2022;

2

September 9, 2022; and September 21, 2022; a disciplinary hearing officer found appellant not guilty of prohibited act *.011, concluding it was "unsupported."

Appellant filed a grievance on November 4, 2022, in which he sought back pay and work credits pursuant to N.J.A.C. 10A:13-4.2(e) for the time he was placed in PHDH prior to being adjudicated not guilty. The record before us does not reflect what action, if any, DOC took with respect to this grievance.

Subsequently, on December 8, 2022, appellant filed the grievance subject to the instant appeal, stating:

> I am writing pursuant to N.J.A.C. 10A:13-4.2(e). I submitted an inquiry over a month ago about receiving my back pay and work credits for the time I was not permitted to[] report to work due to being placed on PHDH on [August 19, 2022] through [September 22, 2022] when I was found [n]ot [g]uilty.
>
> The Administrative [C]ode mandates that I receive the pay and work credits for the time I was unable to report to work due to a disciplinary charge for which I was found not guilty. Furthermore, I was taken off of the food[ ]service roster due to being placed on PHDH, but since I was found NOT GUILTY I should be reinstated and begin working on the line again. There is an opening on my unit.
>
> The last inquiry to your office was forwarded to [c]lassification and has been overdue for weeks. I have not been paid in month[.] Please address as soon as possible. Thank you[.]

A-1680-22

Having received no response to his December 8 grievance, appellant submitted an additional grievance on December 16, 2022 requesting the same relief, to which the DOC responded on December 19, 2022, that the matter was "referred to Administration for review and any action [was] deemed appropriate." DOC then closed the December 8 grievance on January 4, 2023, stating simply "[c]lassification has been made aware of your request."

Appellant administratively appealed the decision the same day, asserting he was "entitled to the back pay due to being found NOT GUILTY, it is not discretionary." On January 18, 2023, DOC rejected the appeal, stating only "[y]our [a]ppeal has been received and the response noted was deemed to be appropriate. Case closed. Thank you for your concerns." In February 2023, appellant was assigned to work in tier sanitation five days per week at a rate of $1.30 per day.

As best we can discern from the record, DOC made the following payments to appellant relevant to his grievance: $25.20 on September 15, 2022 for eighteen days in August 2022 at $1.40 per day; $41.60 on October 17, 2022 for thirteen days from September 1 to 14, 2022 at $3.20 per day; $18.20 on April 19, 2023 for thirteen days in August 2022 at $1.40 per day; and $137.80 on May 10, 2023 for 106 days between September 2022 and February 2023 at $1.30 per

day. DOC also awarded appellant the following work credits: 6.2 days for August 2022, 5.4 days for September 2022, 4 days for October 2022, 3.8 days for November 2022, 4.2 days for December 2022, 4 days for January 2023, and 3.8 days for February 2023.

Our review of administrative action is "limited." Zimmerman v. Diviney, 477 N.J. Super. 1, 14 (App. Div. 2023). Accordingly, our role is only to determine "(1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion." Conley v. N.J. Dep't. of Corrs., 452 N.J. Super. 605, 613 (App. Div. 2018) (citing In re Stallworth, 208 N.J. 182, 194 (2011)).

"A state agency rendering a final agency decision must explain the specific reasons for its determination." In re Orban/Square Props., LLC, 461 N.J. Super. 57, 77 (App. Div. 2019). We have previously noted "DOC is not immune" from the requirement that an agency "adequately set forth its rationale in support of a final determination." Blackwell v. Dep't. of Corrs., 348 N.J. Super. 117, 122-23 (App. Div. 2002).

A-1680-22

We initially address and reject, for two reasons, DOC's contention that the appeal is moot because appellant received back pay and work credits. First, appellant disputes he received all work credits due or that he was compensated properly at the rate of $3.20 per day, for a seven-day work week. Second, he argues DOC improperly terminated him from his position in the kitchen and that he is entitled to reinstatement to that job. We are satisfied from the limited record these disputed issues have not been resolved and thus the issues on appeal remain justiciable. See Comando v. Nugiel, 436 N.J. Super. 203, 219 (App. Div. 2014) ("A case is technically moot when the original issue presented has been resolved, at least concerning the parties who initiated the litigation." (quoting Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010))).

As to appellant's substantive challenges to the DOC's decision, we conclude the record before us is wholly insufficient to perform a meaningful review. The communications from DOC regarding appellant's grievance provide no explanation whatsoever for any action taken, including why it ostensibly concluded appellant was not entitled to reinstatement to the kitchen, or how it calculated the back pay and work credits it awarded to appellant. Simply put, without knowing the bases for DOC's determination, we are unable

6

to conclude whether it clearly erred in denying appellant the remedies he requested.

Accordingly, we vacate the DOC's denial of appellant's grievance and remand to DOC for reconsideration. On remand, DOC should address appellant's requests for relief detailed in his December 8, 2022 grievance, including his claim he is entitled to reinstatement to his prior work assignment, back pay at his previously established rate, and work time credits. DOC's decision shall be supported by appropriate factual findings and legal conclusions.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1680-22