**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3596-21

TIANLE LI,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted April 15, 2024 – Decided May 10, 2024

Before Judges Bishop-Thompson and Jacobs.

On appeal from the New Jersey Department of Corrections.

Tianle Li, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Leo R. Boerstoel, Deputy Attorney General, on the brief).

PER CURIAM

Tianle Li (Li) appeals a final agency decision of the New Jersey Department of Corrections (DOC) finding her guilty and imposing discipline for committing a prohibited act: *.005, "threatening another with bodily harm." N.J.A.C. 10A:4-4.1(a). We affirm.

Li is an inmate housed at the Edna Mahan Correctional Facility (EMCF). At approximately 11:55 a.m. on June 14, 2022, Corrections Officer Butler responded to a report that Li verbally threatened other inmates in the Hillcrest Wing #2 housing unit of the facility. The inmates were still yelling at each other when Butler arrived and attempted to deescalate the situation, but the yelling continued in Butler's presence.

A group of six inmates alleged that Li had spilled coffee on the floor of the unit. When they asked her to clean it up, Li launched a volley of threats consisting of the following: "I did not spill the coffee. Jesus will kill the person who did"; "Someone is going to die tonight"; "Shame on all of you liars"; "You will die today." Butler was present when these words were uttered.

Based on the inmate complaints and witnessed events, Butler issued a disciplinary report the following day charging Li with committing the prohibited

act of threatening another with bodily harm. A hearing was conducted on June 20, 2022.

At the hearing, Li pleaded not guilty to the charge stating, "I did not say that." She declined assistance of counsel substitute and the opportunity to confront adverse witnesses. She did not elect to call any witnesses. She did not request a video record of the incident, nor was one presented at the hearing. The Disciplinary Hearing Officer (DHO) gave greatest weight to Butler's first-hand account and found Li guilty. Punishment consisted of ninety days in the Restorative Housing Unit (RHU), ninety days' loss of commutation time, and fifteen days' loss of commissary, phone, JPay, email, and media download privileges. Simultaneous with adjudication, the DHO suspended sixty of the ninety days RHU punishment, in consideration that Li had been "charge-free" since 2016.

In an appeal of the DHO's ruling filed two days later, Li raised a new defense. A letter accompanying her appeal claimed that the other inmates singled her out by filing "fabricated" charges and alleged it was they, not she, who spilled coffee on the floor. Li maintained that video camera footage would "show [her] innocence." After reviewing the "charge, investigation, adjudication, and sanction," Associate Administrator O'Dea modified the DHO's

decision by suspending Li's "comp time sanction," but otherwise left the finding of guilt intact. Li appealed to this court.

In her brief in support of the appeal, Li set forth the following arguments:

POINT I

> CORRECTION[S] OFFICER[S] FABRICATED THE REPORT IN THE DISCIPLINARY CHARGE, SO THE DISCIPLINARY CHARGE AND ITS SANCTION SHOULD BE VACATED AND REMOVED FROM MY RECORDS IN EDNA MAHAN CORRECTION[AL] FACILITY FOR WOMEN AND NEW JERSEY DEPARTMENT OF CORRECTION[S].

POINT II

> HEARING OFFICER OF EMCFW ERRED IN REFUSING TO REVIEW THE VIDEO CAMERA RECORDS AND ENTERING SANCTION.

POINT III

> THE MATTER [THAT] HAPPENED ON JUNE 14, 2022 WAS SCHEMED BY INMATES AND OFFICERS.

POINT IV

> THIS FABRICATED ALLEGATION IN THE DISCIPLINARY CHARGE WAS CLEARLY RETALIATION TO MY CLAIMS IN EMCFW CLASS ACTION SETTLEMENT FOR SEXUAL

HARASSMENT AND SEXUAL ABUSE, AND MY GRIEVANCES ABOUT OFFICERS' MISCONDUCTS [SIC].

POINT V

MY MOTION FOR THE VIDEO CAMERA RECORDS WAS ERRONEOUSLY DENIED BY THE APPELLATE COURT.

POINT VI

THE TOTALITY OF CIRCUMSTANCE[S] AND WHOLE MATTERS ON JUNE 14, 2022 PROVED MY INNOCENCE AND . . . THE REPORT IN THE DISCIPLINARY CHARGE WAS FABRICATED AND FALSE.

Our scope of review of an agency decision is limited.  In re Stallworth, 208 N.J. 182, 194 (2011).  As we have long recognized, "[p]risons are dangerous places, and the courts must afford appropriate deference and flexibility to administrators trying to manage this volatile environment."  Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 584 (App. Div. 1999).  "We [therefore] defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record."  Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010).

5

"A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 483 (2007)). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). But our review is not "perfunctory," nor is "our function . . . merely [to] rubberstamp an agency's decision." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010) (first quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002); and then citing Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)). Instead, "our function is to 'engage in "a careful and principled consideration of the agency record and findings."'" Ibid. (quoting Williams, 330 N.J. Super. at 204).

A hearing officer's findings must be "sufficiently specific under the circumstances of the particular case to enable the reviewing court to intelligently review an administrative decision and ascertain if the facts upon which the order is based afford a reasonable basis for such order." Blackwell, 348 N.J. Super. at 122 (quoting N.J. Bell Tel. Co. v. Commc'ns Workers of Am., 5 N.J. 354, 377 (1950)). We review a decision of the DOC in a prisoner disciplinary proceeding

to determine whether the record contains substantial evidence the inmate has committed the prohibited act, and whether in making its decision the DOC followed the regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995).

To find an inmate guilty of a prohibited act under N.J.A.C. 10A:4-4.1, a hearing officer must find substantial evidence of the inmate's guilt. N.J.A.C. 10A:4-9.15(a). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). The substantial evidence standard permits an agency to apply its expertise where the evidence supports more than one conclusion. See Murray v. State Health Benefits Comm'n, 337 N.J. Super. 435, 442 (App. Div. 2001).

At the outset, we note that Li's first five arguments concern a defense and an evidence request not raised before the DHO. "Normally, we do not consider issues not raised below at an administrative hearing." In re Stream Encroachment Permit, Permit No. 0200-04-0002.1 FHA, 402 N.J. Super. 587, 602 (App. Div. 2008) (citing Bryan v. Dep't of Corr., 258 N.J. Super. 546, 548 (App. Div. 1992)). The Supreme Court stated that where a claim "was not included in the original pleadings or in the prehearing order setting forth the

7

issues . . . [and] was apparently never explicitly advanced as a claim until the hearing had concluded," the issue was not fully litigated, and declined to rule on the matter. Ibid. (alteration and omission in original) (quoting Abbott by Abbott v. Burke, 119 N.J. 287, 390 (1990)). Those considerations are not present here. Accordingly, Li's first five arguments are rejected.

Li's sixth argument maintains that the totality of the circumstances proves her innocence and again touches on a defense that evidence against her was fabricated. The record before us in its totality does not include any circumstance that would legally justify the remarks uttered by Li. Even if there were video evidence of someone other than Li spilling coffee, it would be of no moment. Objectively assessed, Li's statements threatening imminent harm resulting in death are sufficient to "convey[] a basis for fear." Jacobs v. Stephens,139 N.J. 212, 222 (1995). We note that conveying a threat of imminent death is recognized as a means to instill fear. A threat of imminent death is codified as the indictable offense of terroristic threats. See N.J.S.A. 2C:12-3(b).

From our review of the record, we are, therefore, satisfied the DHO properly accounted for the statements of all concerned. It was within the DHO's discretion to give predominant weight to the responding officer and six

complainants. Accordingly, the DOC's finding, consistent with the DHO's findings of guilt, was based on substantial credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3596-21