**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0564-23

TIANLE LI,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted March 17, 2025 – Decided June 30, 2025

Before Judges Gummer and Jacobs.

On appeal from the New Jersey Department of Corrections.

Tianle Li, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Leo R. Boerstoel, Deputy Attorney General, on the brief).

PER CURIAM

Tianle Li appeals from a final agency decision of the New Jersey Department of Corrections ("DOC" or "Department") denying her claims for the value of property she alleges was stolen due to actions of a corrections officer and incarcerated persons ("IPs") under the DOC's supervision. For reasons that follow, we affirm.

I.

Li is an inmate housed at the Edna Mahan Correctional Facility ("EMCF"). She submitted a claim to DOC seeking compensation for four separate incidents of alleged theft of her property by other IPs. The alleged incidents span several dates in 2022 and 2023. According to Li, each episode involved the unauthorized taking or destruction of her personal property.

On June 14, 2022, Li asserted that a corrections officer, whose identity she could not confirm, conspired with seven other IPs to fabricate a disciplinary charge against her. She contends the actual purpose of the charge was to facilitate the theft of her personal belongings, valued at $9,369.41. This figure included, among other things, a diary she valued at $3,000, a photo album she valued at $5,000, legal documents she characterizes as being worth approximately $1,000, various articles of clothing, food items, and miscellaneous personal items.

A-0564-23

Li alleged that on April 15, 2023, while she was placed in "close custody" by corrections personnel, other IPs stole approximately $100 of her possessions. She further claimed that during this period, some of her property, specifically a watch and certain clothing, was deliberately damaged.

Li alleged that between April 20 and June 2, 2023, one or two individuals with access to the facility's storeroom removed approximately $98 worth of her cosmetics.

Finally, according to Li, between May 6 and August 3, 2023, her property was subject to ongoing theft and destruction by other IPs. She did not specify the total value of the items lost during this period but characterized the conduct as persistent and destructive.

The alleged theft on June 14, 2022, was the subject of prior litigation before this court. By order dated March 30, 2023, we remanded Li's claim due to her failure to exhaust administrative remedies. On remand, the DOC adjudicated Li's claim on September 27, 2023, as "disapproved," concluding she was not entitled to compensation because she had adduced "[n]o proof of negligence on the part of staff" and had attached "[n]o receipts or appraisals" and because "[i]t is the responsibility of the [IP] to exercise care in preventing property loss, damage and/or destruction." On that same date, in a series of

3

decisions, the EMCF Claims Committee denied Li's remaining claims for the same reasons previously given in connection with her June 14, 2022 claim.

On appeal, Li raises several arguments, contending the denials were arbitrary, capricious, or unsupported by the evidence. In response, the DOC argues its decisions were supported by substantial credible evidence in the record and were neither arbitrary, capricious, nor unreasonable. The DOC also highlights Li's acknowledgment that she lacks receipts for the items in question. Instead, the items concerned were referenced by means of handwritten lists accompanying forms generated by DOC, captioned "Inmate Claim for Lost, Damaged or Destroyed Personal Property." In assessing Li's submissions in support of her claims, the Department noted that Li had failed to provide any evidence showing EMCF was negligent in handling or storing her property. Nor did she submit documentation, such as receipts or similar proof, to verify ownership of the items in question on the relevant dates.

## II.

Our review of agency decisions is limited. "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010); see In re Stallworth,

4

208 N.J. 182, 194 (2011).  We do not substitute our own judgment for that of the agency, even if we might have reached a different conclusion.  Ibid. "[P]risons are dangerous places, and the courts must afford appropriate deference and flexibility to administrators trying to manage this volatile environment."  Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 584 (App. Div. 1999).

Our role is not perfunctory; we must "engage in a careful and principled consideration of the agency record and findings."  Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010) (quoting Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)).  Findings must be "sufficiently specific under the circumstances of the particular case to enable the reviewing court to intelligently review an administrative decision and ascertain if the facts upon which the order is based afford a reasonable basis for such order."  Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 122 (App. Div. 2002) (quoting N.J. Bell Tel. Co. v. Commc'ns Workers of Am., 5 N.J. 354, 377 (1950)).

Applying these standards, we discern no basis to disturb the DOC's decision.  A fundamental flaw in Li's claims is the absence of supporting evidence, such as witness statements or video footage, and other pertinent details

sufficient to permit a meaningful investigation. Had such proofs been assembled, the DOC would have undertaken a more substantive review pursuant to N.J.A.C. 10A:2-6.2, including a determination of:

1. Whether the investigation revealed any neglect by the correctional facility;

2. Whether care was exercised by the facility staff preventing property loss, damage or destruction;

3. Whether the inmate exercised care in preventing property loss, damage or destruction;

4. Whether it has been proven that the inmate was authorized to have and did, in fact, possess the item(s) named in the claim;

5. Whether sufficient information has been supplied by the inmate, including proper receipts, witnesses and investigative reports.

Absent such or similar proofs, the DOC could not conduct a more substantive investigation. In the one instance where video evidence was available—the disciplinary charge of June 14, 2002, which Li contends was "fabricated"—this court conducted a detailed review of the footage and sustained the disciplinary charge in an unpublished opinion. Li v. N.J. Dep't of Corr., No. A-3496-21 (App. Div. May 10, 2024); see also R. 1:36-3 (a court may cite to an unpublished case "to the extent required by res judicata, collateral estoppel, the single controversy doctrine, or any other similar principle of law

6

. . . ."). As noted in the Department's brief, a central deficiency to Li's arguments is her failure to timely request video footage to support her allegations that other IPs stole from her, and even more so to support her broader assertion that the Department conspired with those IPs to carry out the thefts.

In sum, Li's remaining claims are comprised solely of conclusory allegations and were denied in accordance with DOC policy and applicable regulations. We find no exercise of authority that was arbitrary, capricious, or unreasonable that would cause us to disturb the agency's findings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division