**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1804-23

HOWARD WILSON,

 Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

 Respondent.

_____

Submitted October 8, 2025 – Decided October 28, 2025

Before Judges Smith and Jablonski.

On appeal from the New Jersey Department of Corrections.

Howard Wilson, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Elizabeth Merrill, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Howard Wilson, who is currently incarcerated at a New Jersey State Prison, appeals from a New Jersey Department of Corrections (DOC) final agency decision finding him guilty of prohibited act *.002/*.803, attempting to assault any person, in violation of N.J.A.C. 10A:4-4.1(a) and imposing sanctions. Having reviewed the record and the applicable law, we affirm.

I.

While housed in his cell at Northern State Prison, petitioner was directed by an officer collecting garbage to move his arm away from his cell's food port. Petitioner refused to comply despite the officer's numerous orders. Petitioner ultimately threw a food container in what the officer described as "in [the officer's] direction." Petitioner admitted to throwing the container but claimed he tossed it to the side, away from the officer. In response, the officer sprayed a chemical agent into the cell, closed the food port, and called for assistance. The responding officers removed petitioner and his cellmate from the room and provided medical attention to both.

The DOC charged petitioner with prohibited act *.002/*.803, attempting to assault any person, N.J.A.C. 10A:4-4.1(a)(1)(ii), (xxiv). He was served with the charges. After a hearing was set, petitioner requested and was assigned counsel substitute and pleaded not guilty. The original hearing date was

adjourned because petitioner requested video footage he contends was taken of the incident from the officer's body worn camera. In response to the request, the DOC determined there was no video of the incident available.

At the hearing, the hearing officer provided petitioner with an opportunity to make a statement. Petitioner indicated he "threw [his] tray [sideways]." Counsel substitute argued "[petitioner] didn't throw [the tray] near the officer [but] threw it sideways to avoid hitting [the] officer." Petitioner declined to present any additional witnesses or testimony. The hearing officer did not rely on nor did the officer identify any video of the incident. The hearing officer considered the investigating and responding officers' reports and found petitioner guilty of the offense. The hearing officer recommended the DOC impose one-hundred days in the restorative housing unit (RHU); one-hundred days' loss of commutation time (LOCT); and loss of recreational and phone privileges for thirty days. The Assistant Superintendent affirmed the guilty finding but modified the one-hundred days RHU and LOCT penalties to sixty days.

On appeal, petitioner raises the following arguments:

POINT 1

THE HEARING OFFICER WAS NOT IMPARTIAL AND VIOLATED APPELLANT'S EQUAL

3

PROTECTION RIGHTS BECAUSE THERE WAS NO EVIDENCE TO SUPPORT A FINDING OF GUILT.

POINT II

THE DISCIPLINARY HEARING OFFICER'S FINDING OF GUILT IN THIS CASE WAS ARBITRARY AND BASED ON PREJUDICE RATHER THAN FACT.

II.

Our scope of review of an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). "[P]risons are dangerous places, and the courts must afford appropriate deference and flexibility to administrators trying to manage this volatile environment." Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 238 (App. Div. 2019) (quoting Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 584 (App. Div. 1999)). Therefore, "[w]e defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010).

"A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" Blanchard, 461 N.J. Super. at 238-39 (quoting Stallworth, 208 N.J. at 194). "This is particularly true when the issue under review is directed to the agency's 'special expertise

4

and superior knowledge of a particular field.'" Stallworth, 208 N.J. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). However, "our review is not 'perfunctory,' nor is 'our function . . . merely [to] rubberstamp an agency's decision.'" Blanchard, 461 N.J. Super. at 239 (alteration in original) (quoting Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010)). Instead, "[w]e are constrained to engage in a 'careful and principled consideration of the agency record and findings.'" Ibid. (quoting Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)).

A hearing officer's findings are required to be ". . . sufficiently specific under the circumstances of the particular case to enable the reviewing court to intelligently review an administrative decision and ascertain if the facts upon which the order is based afford a reasonable basis for such order." Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 122 (App. Div. 2002) (quoting N.J. Bell Tel. Co. Commc'ns Workers of Am., 5 N.J. 354, 377 (1950)). We review a DOC decision in a prisoner disciplinary proceeding to determine whether the record contains substantial evidence that the inmate has committed the prohibited act, and whether, in making its decision, the DOC followed the regulations adopted to afford inmates' procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995).

Petitioner contends his adjudication for his attempted assault on the officer must be vacated because there was insufficient evidence to support that finding.  Essentially, petitioner maintains he could not have attempted to assault the officer because he intended to throw his food tray in a direction to "avoid contact with anyone" and not with any "actual plan or intentional act to assault." After our review of the record, we are satisfied the hearing officer's decision regarding petitioner's guilt is supported by substantial credible evidence in the record.

"A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act."  N.J.A.C. 10A:4-9.15(a).  "Substantial evidence has been defined . . . as 'such evidence as a reasonable mind might accept as adequate to support a conclusion,' and 'evidence furnishing a reasonable basis for the agency's action.'"  Blanchard, 461 N.J. Super. at 238 (quoting Figueroa, 414 N.J. Super. at 192).  The substantial evidence standard permits an agency to apply its expertise where the evidence supports more than one conclusion.  Berta v. N.J. State Parole Bd., 473 N.J. Super. 284, 302 (App. Div. 2022).

Here, the hearing officer reviewed the preliminary incident report, special custody reports, and use-of-force reports prepared by the officers involved. The reports noted petitioner's lack of compliance with the officer's orders and reflected the fact that he threw the food container at the officer. Petitioner declined the hearing officer's opportunity to call the involved officer, to present additional witness statements, or confront to adverse witnesses. Notably, while petitioner referenced unit video footage and requested its production, the record neither confirms the existence of any video footage of the incident nor does it reflect the hearing officer reviewed any video evidence. The evidence presented against petitioner was therefore largely uncontested, with petitioner offering only a brief assertion, through his substitute counsel, that he lacked any intent to assault the officer. The record supports the hearing officer's determination and the Assistant Superintendent's decision to uphold the finding that petitioner was guilty of the charged prohibited act *.002/*.803.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1804-23