# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0214-24

L.S.,[1]

    Petitioner-Appellant,

v.

DEPARTMENT OF CHILDREN
AND FAMILIES,

    Respondent-Respondent.

_____

Submitted December 3, 2025 – Decided December 24, 2025

Before Judges Gummer and Jacobs.

On appeal from the New Jersey Department of Children and Families, Division of Child Protection and Permanency, Case ID No. 17499050.

Williams Law Group, LLC, attorneys for appellant (Alvin Eugene Richards, III, of counsel and on the briefs).

---

[1] We use initials and pseudonyms to refer to the parties and their family members to protect their privacy and preserve the confidentiality of these proceedings. R. 1:38-3(d)(12).

Matthew J. Platkin, Attorney General, attorney for respondent (Christopher Weber, Assistant Attorney General, of counsel; Alicia Y. Bergman, Deputy Attorney General, on the brief).

PER CURIAM

This appeal presents a single question: whether the "not established" finding of the Department of Children and Families, Division of Child Protection and Permanency, regarding a child-abuse allegation was supported by credible evidence or, instead, whether it was arbitrary, capricious, or unreasonable and the allegation should have been classified as "unfounded."[2] For reasons that follow, we affirm the Division's finding of "not established."

## I.

Petitioner Laura and Alan are parents of early-teenage twins—a boy, David, and a girl, Wanda. In May 2024, the Division received a referral of possible child abuse from the Galloway Police Department. The referral

---

[2] The website of the New Jersey Department of Children and Families (DCF) website states: the "[Division of] Child Protection and Permanency is New Jersey's child protection and child welfare agency within the New Jersey Department of Children and Families." Although the named party in this case is DCF, both parties' briefs reference DCF and the Division of Child Protection and Permanency interchangeably. For expedience, we refer to the entities collectively as "the Division." Child Protection and Permanency, Dep't of Children and Families, https://www.nj.gov/dcf/about/divisions/dcpp/ (last visited Dec. 16, 2025).

followed a domestic violence incident between the parents, leading them to obtain mutual temporary restraining orders (TRO), with Alan granted temporary custody of the children.

As part of the Division's investigation, a caseworker interviewed both children. The children reported they were present during the incident and "d[id] not feel safe with the[ir] mother due to concerns [that she was] harassing and verbally abusing them." David disclosed Laura had "continuously" said "hurtful things" to him over the past two years, with such incidents becoming "more frequent." He stated his mother "make[s] the story different than what really happen[s]" and that she "screams and yells at him daily 'for no reason[,]'" grounds him "for no reason" or for "stupid" reasons, and "can't let stuff go." David reported feeling unsafe around Laura due to her "constant[]" yelling, which brought about suicidal ideation, leading to near-daily meetings with his school counselor.

Wanda reported Laura had "repeatedly 'verbally attack[ed]'" David and the rest of the family, with both children being yelled at and grounded "for no reason."

Alan echoed the children's complaints, reporting Laura "frequently yell[ed]" and that there had been considerable tension in the household for the

3

past two years. He described an incident where Laura called to complain about David's behavior, yelling in the child's presence to a degree that led David to suffer a "mental break down."

Laura attributed the initial dispute to her discovery that Alan had purchased cell phones for the children without her approval. This led to a verbal altercation involving the children, during which David threw a soccer ball at her. More broadly, she claimed Alan did not wish to co-parent with her, citing his refusal to enroll David in a counseling program she had selected and excluding her from activities he had planned with the children.

On June 10, 2024, Laura informed the caseworker she and Alan had dismissed their TROs and she had returned to the home. Seven days later, the Division received another report alleging Laura had "emotional[ly] abuse[d]" David by recording their arguments, preventing him from seeing his friends, and causing a perceived increase in his emotional distress. Later in the month, following an argument with Laura about attending school, David was hospitalized for suicidal ideation. Hospital records documented a diagnosis of depression and a recommendation for counseling.

The Division's investigation confirmed Laura had recorded interactions with David over his objections. Laura explained she had recorded interactions

A-0214-24

with all family members as a means to "protect[]" herself from perceived antipathy. David's school counselor and psychologist told the Division that much of their sessions with David involved his complaints about Laura's yelling. The counselor opined Laura was "not emotionally abusive" but acknowledged she "was not the nicest."

On August 9, 2024, the Division mailed a letter to Laura containing its "final agency decision" regarding the May referral. The Division found the allegation underlying the referral was "not established." Introductory language in the letter read:

> The Division makes a finding of "Not Established" when some credible evidence indicates that a child was harmed or placed at some risk of harm by an action or inaction on the part of the child's parent or guardian, but the action or inaction did not rise to the level of abuse or neglect. See N.J.A.C. 3A:[10-]7.3c(3); New Jersey Department of Children and Families v. R.R., 454 N.J. Super. 37, 47 (App. Div. 2018).

Regarding the May referral, the correspondence stated:

> The Division's finding of **Not Established** is based on the following facts:
>
> An altercation ensued between the parents that the children were present for[,] however[,] the altercation never turned physical and was solely verbal. No one was harmed. There appears to be strong discord between [David] and his mother[,] however[,] it does not arise to emotional abuse at this time as there are

ongoing family issues in the home and the parents are currently in the process of separating[.]

Counsel submitted a detailed rebuttal letter, arguing the caseworker's characterization of "strong discord" between Laura and David did not constitute evidence of harm or risk of harm, but merely reflected the caseworker's subjective impressions. She also filed with this court a notice of appeal, indicating she was appealing the August 9, 2024 decision.

In an October 29, 2024 letter, the Division confirmed it had received and considered her submission. The Division advised her it was not changing the "not established" determination because "the information submitted did not alter [the Division's] investigatory conclusion." Petitioner filed with this court an amended notice of appeal, stating she was appealing the October 29, 2024 final agency decision.

II.

Appellate review of final agency decisions is limited in scope. In re Carter, 191 N.J. 474, 482 (2007). We will reverse only if the agency action is arbitrary, capricious, unreasonable, or unsupported by credible evidence in the record. Ibid.; Melnyk v. Bd. of Educ. of the Delsea Reg'l High Sch. Dist., 241 N.J. 31, 40 (2020); Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019). We owe special deference to agency expertise, affording

6

agency actions "a presumption of reasonableness," and we may not substitute our judgment for the agency's "even if [we] would have reached a different result." Dep't of Child. & Fams., Div. of Youth & Fam. Servs. v. C.H., 414 N.J. Super. 472, 479-80 (App. Div. 2010); see also In re Herrmann, 192 N.J. 19, 28 (2007).

After the Division evaluates the available information, four outcomes are possible: "substantiated," "established," "not established," and "unfounded." The first two outcomes concern findings that a child has been abused or neglected as defined in N.J.S.A. 9:6-8.21. Because there has been no such finding here, we limit our focus to the latter two possibilities.

A finding of "not established" is appropriate when "there is not a preponderance of the evidence that a child is an abused or neglected child as defined in N.J.S.A. 9:6-8.21, but evidence indicates that the child was harmed or was placed at risk of harm." N.J.A.C. 3A:10-7.3(c)(3). In contrast, an "unfounded" determination is appropriate where "evidence indicates [] a child was not harmed or placed at risk of harm." N.J.A.C. 3A:10-7.3(c)(4); see S.C. v. N.J. Dep't of Child. & Fams., 242 N.J. 201, 227 (2020) ("[t]he critical distinction between findings of not established and unfounded is that not established findings are based on some evidence, though not necessarily a

preponderance of [the] evidence, that a child was harmed or placed at risk of harm." (emphasis added) (quoting 45 N.J.R. 738(a) (Apr. 1, 2013) (response to comment 86))). The Court in S.C. elaborated, "[a]t the very least, the 'some evidence' description advanced by the Department must be understood to be 'credible evidence.'" 242 N.J. at 239.

After completing its investigation, the Department must "notify the alleged perpetrator and others of the outcome of its investigation." In re Allegations of Sexual Abuse at E. Park High Sch., 314 N.J. Super. 149, 155 (App. Div. 1998). "Pursuant to N.J.A.C. 10:129-7.3(d)[,] '[a] finding of either established or substantiated shall constitute a determination by the Department that a child is an abused or neglected child pursuant to N.J.S.A. 9:6-8.21[,]' but only findings that are substantiated are disclosed for the purposes of a child abuse record information check." Dep't of Child. & Fams. v. D.B., 443 N.J. Super. 431, 442 (App. Div. 2015) (citing N.J.A.C. 10:129-7.7(a)). Findings of "not established" or "unfounded" are therefore not disclosed for purposes of a child abuse record information check but are appealable as of right to the Appellate Division. R. 2:2-3(a)(2). Our function is to determine whether credible evidence exists in the record to support the agency's finding.

On appeal, the Division maintains its "not established" finding complies with N.J.A.C. 3A:10-7.3(c)(3) and is supported by "some credible evidence" that David was harmed or placed at risk of harm as a result of Laura's conduct. The Division points to David's consistent reports of feeling fearful, overwhelmed, and emotionally burdened by his mother's persistent yelling, his suicidal ideation, and his need for school-based and outpatient therapy. It also mentions that Alan and Wanda corroborated the nature and severity of Laura's actions, and that Laura herself admitted to frequent yelling and made no effort to minimize her disciplinary measures. The Division notes the "not established" finding—unlike "substantiated" or "established"—requires only "some credible evidence" rather than a preponderance of the evidence and is neither arbitrary nor capricious.

Petitioner challenges the "not established" finding, arguing there was no credible evidence to support it. Citing Blackwell v. Department of Corrections, petitioner further argues the findings made by the Division were insufficiently specific to enable this court to review and cogently ascertain facts on which the Division based its decision. 348 N.J. Super. 117, 122 (App. Div. 2002). Petitioner acknowledges family discord but contends "strong discord between [David] and [Laura]" is insufficient to indicate emotional abuse and maintains

9

David never alleged concrete instances of harm. She emphasizes that neither David's school counselor nor outpatient therapist opined David had been emotionally abused.

Our review of the record confirms petitioner's contention that no emotional or physical abuse was determined. However, a finding of actual abuse is not the standard. Rather, we assess whether there is in the record "some" "credible evidence" supporting the agency's conclusion that David was harmed or placed at risk of harm by Laura's conduct. S.C., 242 N.J. at 239.

The record shows David consistently reported prolonged and frequent episodes of yelling, belittling, and emotionally charged interactions with his mother. David's statements of feeling unsafe, overwhelmed, and expressing suicidal ideation resulting in psychiatric intervention establishes "some credible evidence" that his emotional well-being was at risk.

Although Laura argues David's therapist and school counselor did not diagnose emotional abuse or recommend intensive services, the school counselor expressly stated that David had spent much of his time discussing his dislike for his mother due to her yelling. The therapist's equivocal statement that Laura was "not emotionally abusive" but "not the nicest" does not negate the credible evidence of emotional harm.

A-0214-24

Here, we are satisfied the Division correctly determined the record did not substantiate or establish a pattern of abuse or neglect and that the credible evidence fell below the threshold for "substantiated" or "established" but was more significant than "unfounded." Such a finding should be accorded deference when supported by "some credible evidence" of harm or risk of harm, even if it does not meet the "preponderance of the evidence" standard. Ibid. Stated otherwise, the Division's findings are amply supported by the record and do not reflect a misapplication of law or facts. Moreover, the regulatory and precedential framework supports the Division's determination. The "not established" designation is appropriate where "there is not a preponderance of the evidence that a child is an abused or neglected child" as defined in N.J.S.A. 9:6-8.2, but there is "some credible evidence -- to support the allegation of harm[.]" Id. at 212 (emphasis omitted); see also N.J.A.C. 3A:10-7.3(c)(3).

Therefore, we affirm the Division's October 29, 2024 final agency decision, finding the allegation was "not established," because the decision was supported by sufficient reliable and credible evidence in the record and was consistent with applicable legal standards.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

11                                                    A-0214-24