**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1992-23

WILLIAM COLEMAN,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted May 27, 2025 – Decided June 4, 2025

Before Judges Smith and Vanek.

On appeal from the New Jersey Department of Corrections.

William Coleman, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Joseph D. Sams, Deputy Attorney General, on the brief).

PER CURIAM

William Coleman, an inmate at Mid-State Correctional Facility, appeals pro se from a Department of Corrections (DOC) final agency decision imposing discipline for committing the prohibited acts of *.553, smoking where prohibited, and *.256, refusing to obey an order. On appeal, Coleman contends that the agency was arbitrary and capricious in finding DOC witness statements more credible, and that this finding denied Coleman due process. We affirm.

I.

We glean the facts from the administrative record. Lieutenant Joseph Mellace and Assistant Superintendent Lisa Schofield were visiting units at Mid-State Correctional Facility when they observed smoke coming from the rear of petitioner's unit where petitioner was walking. Schofield and Mellace entered the unit and smelled a burning odor as they approached petitioner. Mellace ordered petitioner to stop, but he kept walking towards the back of the room. Later, petitioner contended in his inmate statement that he was hard of hearing, and did not hear Mellace's order to stop walking. When petitioner reached the wall at the rear of the room, he calmly leaned forward and placed his hands against the wall, while Mellace handcuffed and detained him.

Mellace then reviewed the unit's security camera footage, which showed petitioner's back to the camera with puffs of white smoke emerging from the

A-1992-23

front of petitioner's body as he walked towards the back of the unit. After petitioner was detained, he was strip-searched, then ordered to take a urine screen. Finally, the DOC subjected petitioner to a bed and locker search. No contraband was found, and the urine screen was negative.

After being charged, petitioner pled not guilty and secured a counsel substitute. At the administrative hearing, petitioner presented his statement and a statement from another witness, Curtis Jones, who lived in the unit. Neither petitioner nor Jones testified. Petitioner's counsel substitute argued that: 1) the security video showed petitioner was dispensing air freshener, not smoking; and 2) petitioner did not hear Mellace because of his hearing defect and was not ignoring him.

The DOC presented witness statements from Mellace, Schofield, and Sergeant Brian Lowden, who ordered petitioner to submit to the urine screen. It also presented other documents and the unit security video.

The departmental hearing officer (DHO) heard the evidence and issued an initial decision. It found petitioner's arguments unsupported by any corroborating evidence and rejected them. The DHO, relying upon the reports and statements, found petitioner guilty of both charges. The DHO imposed a sanction of thirty-days loss of privileges for the *.533 smoking charge, and

sixty-days loss of commutation time and placement in restorative housing unit for the *.256 violation.

The DOC Associate Administrator, Fathom Borg, issued a final administrative decision (FAD) finding that there was sufficient evidence in the record to support the guilty findings, noting the unit security video corroborated the written reports of the corrections staff, and that no evidence was found to support the spray bottle theory.[1]  The FAD upheld the sanction for the *.533 charge, but rescinded the sixty-day sanctions for the *.256 charge, exercising leniency.

Petitioner appealed, contending that the DOC was arbitrary, capricious, and unreasonable in determining witness credibility and in failing to provide an adequate statement of reasons to support the FAD.  Petitioner also argued his due process rights were violated by the DOC's adoption of the DHO's initial decision.

II.

Our role in reviewing the decision of an administrative agency is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010).  "We

---

[1]  Petitioner changed his explanation for the smoke at some point after the hearing.  Originally, he argued that he was spraying air fresher, not smoking. He eventually contended that he was dispensing a cloud of nasal spray.

will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 237-38 (App. Div. 2019) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

We have also noted that the Legislature has provided the DOC with broad discretion in all matters regarding the administration of a prison facility, including disciplinary infractions by prisoners. Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 583 (App. Div. 1999). Therefore, we may not vacate an agency's determination because of doubts as to its wisdom or because the record may support more than one result. De Vitis v. N.J. Racing Comm'n, 202 N.J. Super. 484, 489-90 (App. Div. 1985).

However, "although the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review." Figueroa, 414 N.J. Super. at 191 (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)). We are not "relegated to a mere rubber-stamp of agency action," but rather we must "engage in a careful and principled consideration of the agency record and findings." Williams v. Dep't

A-1992-23

of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (internal quotation marks omitted) (quoting Mayflower Sec. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

A prison disciplinary proceeding "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply." Avant v. Clifford, 67 N.J. 496, 522 (1975) (internal quotation marks omitted) (quoting Morrissey v. Brewer, 408 U.S. 471, 480 (1972)). In Avant, our Supreme Court prescribed limited due process protections due prisoners prior to their subjection to discipline. Id. at 519 n.21. These protections include written notice of the charges and timely adjudication; a hearing before an impartial tribunal; representation, if requested, by counsel-substitute; a limited ability to call witnesses and confront adverse witnesses; and a limited ability to present documentary evidence. Id. at 525-30.

## III.

Petitioner essentially argues that the DOC got it wrong for several reasons. First, he argues that there was no evidence to support the final decision. Second, he contends that there was substantial evidence supporting his arguments. Next, he contends the final decision was not supported by an adequate statement of reasons. We find his arguments unpersuasive and without merit.

A-1992-23

Petitioner elected not to offer testimony and relied on his statement and the statement of Jones. The DOC also relied on staff reports and statements. In this FAD "on the papers," the agency also relied on the unit security video, finding that it corroborated the submissions by corrections staff. The DOC weighed the evidence in the record and made appropriate findings. Under our limited standard of review, there is no need to retry the matter because petitioner is dissatisfied with the outcome.

We have carefully reviewed the record and easily conclude there was no constitutional due process violation. Petitioner was represented by counsel substitute. Petitioner's hearing was postponed by the DOC for five days to permit Jones' statement to be taken and become part of the record. Petitioner chose not to testify or proffer other witnesses. Petitioner received all the protections he was entitled to under Avant.

We find no reason to disturb the FAD. Its brevity is not a basis for reversal. There was sufficient credible evidence in the ample record, including petitioner's own statement and a clear and easy-to-see video of petitioner's violative acts to support it. We conclude there is no error.

A-1992-23

To the extent we have not addressed any of petitioner's remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division