**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2071-24

COREY MORRIS,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted April 28, 2026 – Decided May 15, 2026

Before Judges DeAlmeida and Rosero.

On appeal from the New Jersey Department of Corrections.

Corey Morris, self-represented appellant.

Jennifer Davenport, Attorney General, attorney for respondent (Deborah E. Wassel, Assistant Attorney General, of counsel; Elizabeth Merrill, Deputy Attorney General, on the brief).

PER CURIAM

Corey Morris, an inmate at Northern State Prison, appeals from the January 30, 2025 final agency decision of the Department of Corrections (DOC) adjudicating Morris guilty of prohibited act *.002, assaulting any person, N.J.A.C. 10A:4-4.1(a)(1)(ii).  We affirm.

On December 12, 2024, while conducting a unit tour, a correctional officer observed Morris's cellmate, Craig Lassiter, lying on the bunk inside their cell, with bloodstains on Lassiter's sweatpants.  Lassiter was ordered to step out of the cell and the officer noticed bruising and lacerations on Lassiter's face.  Lassiter was escorted to the main medical bay for evaluation.  When questioned about the injuries, Lassiter stated, "I was eating food then I woke up on the floor."  The nurse examining Lassiter noticed a laceration on the lip and scratches and bruising on the neck and back.  Lassiter claimed to have been struck by Morris on the back with a closed fist.  Photos of Lassiter's injuries were taken.

Another correctional officer escorted Morris to a frisk area.  Reports note cuts on both hands and forearms, and blood on Morris's pants.  Photos of Morris's injuries and sweatpants were taken.

On December 13, 2024, DOC served Morris a copy of the disciplinary report charging Morris with prohibited act *.002 for assaulting Lassiter.  The

matter was referred for further action. A hearing was set for January 2, 2025. Morris requested and was granted assistance of counsel substitute. The hearing was adjourned to January 8, 2025, to determine whether any video footage of the incident could be obtained. The adjudication report states no "[d]ocuments and physical evidence" were presented at the hearing indicating video was not obtained.

On January 8, 2025, the hearing reconvened. Morris pleaded not guilty and was given the opportunity to make a statement and present witnesses, but declined. Neither Morris nor counsel substitute moved to introduce any documents during the hearing. Counsel substitute offered no statement but requested leniency. The Disciplinary Hearing Officer (DHO) reviewed the correctional officers' reports, Lassiter's statement, and photos taken. The DHO adjudicated Morris guilty of the charges finding the evidence supported the charge. Taking into consideration Morris's "moderate" past disciplinary history and DOC's goal to promote safety and security, the DHO sanctioned Morris to 150 days in the restorative housing unit; a 150-day loss of commutation time; a thirty-day loss of phone privileges; a thirty-day loss of Jpay and email privileges; a thirty-day loss of recreation privileges; and a thirty-day loss of commissary privileges.

A-2071-24

Morris filed an administrative appeal. On January 30, 2025, the Assistant Superintendent upheld the DHO's decision noting the decision was based on substantial evidence, Morris had offered no statement or evidence to support a denial of guilt, and that Morris had provided no reason for the behavior or any plan to correct it.

This appeal follows. Morris argues that: (1) the hearing officer's decision was not based upon substantial credible evidence because the officer failed to consider Morris's claim of self-defense; (2) Morris's due process rights to a fair hearing were violated because the DHO knew there was a class action lawsuit filed against DOC; and (3) the finding of guilty was not supported by substantial credible evidence.

Our review of a final agency decision is limited. Reversal is appropriate only when the agency's decision is arbitrary, capricious, or unreasonable, or unsupported by substantial credible evidence in the record as a whole. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); see also In re Taylor, 158 N.J. 644, 657 (1999) (holding that a court must uphold an agency's findings, even if it would have reached a different result, so long as sufficient credible evidence in the record exists to support the agency's conclusions). "[A]lthough the determination of an administrative agency is entitled to deference, our appellate

A-2071-24

obligation requires more than a perfunctory review." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010) (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)).

"A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). In other words, it is "evidence furnishing a reasonable basis for the agency's action." Figueroa, 414 N.J. Super. at 192 (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (2002)).

In addition, an inmate is not accorded "the full panoply of rights" in a disciplinary proceeding afforded a defendant in a criminal prosecution. Avant v. Clifford, 67 N.J. 496, 522 (1975). Instead, prisoners are entitled to: written notice of the charges at least twenty-four hours prior to the hearing; an impartial tribunal; a limited right to call witnesses and present documentary evidence; a limited right to confront and cross-examine adverse witnesses; a right to a written statement of the evidence relied upon and the reasons for the sanctions imposed; and, where the charges are complex, the assistance of a counsel

substitute.  Id. at 525-33; accord Jacobs v. Stephens, 139 N.J. 212 (1995); McDonald v. Pinchak, 139 N.J. 188 (1995).

Morris claims the DHO's decision was not based upon substantial credible evidence because the officer failed to consider Morris's claim of self-defense. However, Morris did not raise a claim of self-defense at the hearing despite having had the opportunity to do so.  In support of this claim, Morris relies on a Request for Assistance Form filed with the Office of the Corrections Ombudsman for assistance with law books allegedly stolen by Lassiter, wherein Morris discusses self-defense for the pending charge.  Morris did not introduce that form during the hearing.  As such, due to the failure to introduce any evidence of self-defense at the hearing, the DHO could not consider an assertion of a self-defense claim making this claim on appeal without merit.

Morris next claims a violation of due process rights to a fair hearing because the DHO knew there was a class action lawsuit filed against DOC. Morris failed to raise a request for a recusal of the DHO before or during the hearing and only raised this claim for the first time during his administrative appeal.  Other than bald assertions, Morris has not produced any evidence to support this claim of bias by the DHO.  Because no objection was raised prior to or during the hearing, DOC was deprived of the opportunity to investigate

6

this claim and recuse the DHO from Morris's hearing if necessary as Morris claims. As such, Morris's violation of due process claim on this ground is also without merit.

Having carefully reviewed the record, we are satisfied that the DOC's decision is supported by substantial credible evidence and that the agency afforded Morris the due process protections to which they were entitled. There is no basis on which to overturn the agency's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2071-24